The admissions by the pleadings, with the evidence given on the trial, show that the plaintiff was the owner and holder, for value of a draft bearing date the 7th day of June 1848, drawn on Morgan Gray number 15 South street New York, by Loucks Gray at Canajoharie, payable to the order of Jones Hart thirty days after date, for $1800, and endorsed by Jones Hart: that on the 6th day of July 1848 the plaintiff, by its cashier, endorsed the same for collection and transmitted it by mail to the Albany City Bank for that purpose, the latter being at that time its correspondent and agent for such purposes at Albany, that that bank received it by mail on the 8th day of July, and on that day, by its cashier, endorsed the draft for collection and transmitted it by mail to the bank of the State of New York, at New York, for that purpose, the latter bank being at the time the correspondent and agent of the Albany City Bank for such purposes at New York. The draft was received by the Bank of the State of New York on the 10th day of July, being the day of its maturity, and was not paid. Neither of the defendants presented the draft for payment on that day, or gave notice of the nonpayment thereof to the drawers or endorsers, by means of which neglect the plaintiff sustained damages to the amount of the draft.
The most material question presented by the case for determination is, whether the defendants are jointly liable to the plaintiff to make good the loss thus sustained.
I consider it a rule of law well settled in this state, that when a bank receives from the owner a bill for collection,
payable either at the place where such bank carries on its business, or at some distant place, it thereby becomes the agent of the owner for the collection, and in the discharge of its obligations as such, if the bill has not been accepted, it is bound to present the same for acceptance without unreasonable delay, as well as to present the same for payment when it becomes payable; and if not accepted when presented for that purpose, or not paid when presented *Page 461 
for payment, it must take such steps by protest and notice as are necessary to charge the drawer and endorser, or it will be liable to its principal, the owner, for the damages which the latter sustains by any neglect to perform such duties, unless there be some agreement to the contrary, express or implied. And if it be necessary or convenient for the bank to employ some other bank or individual to collect the bill either at the place of its location or at a distant place where the bill is payable, and it does employ another bank or individual to whom it transmits the bill for that purpose, the latter on receiving the bill and entering upon the discharge of the trust, becomes the agent of the former bank and not of the owner, and in the absence of any agreement to the contrary is answerable to it for any neglect in the discharge of its duties as agent, whereby the former bank sustains any loss or damage. The principle is, that when a trust is confided to an agent, and he whose interest is intrusted is damnified by the neglect of one whom the agent employs in the discharge of the trust, the agent employed shall answer to the person damnified (Smedes v. Bank of Utica, 20 Johns. 372, affirmed in error, 3 Cow. 663; Allen v. Suydam, 20 Wend. 321; Allen v. The Merchants' Bank of N.Y. 22 Wend. 215;Denny v. The Manhattan Co. 2 Denio, 115, affirmed in error, 5 Denio, 639; Colvin v. Holbrook, 2 Coms. 126; Van Wart
v. Wooley, 3 Barn. Cress. 419).
In the case of Allen v. The Merchants' Bank above referred to, the supreme court held, that the only obligation which the bank incurred was, to transmit the bill in due season to a competent agent at the place of payment with directions to take the necessary steps to charge the drawers and endorsers. Although the court for the correction of errors reversed that judgment, and held that the bank on receiving the bill for collection
drawn in this state upon a person residing in another state, was liable for any neglect of duty occurring in its collection, whether arising from the default of its officers here, its correspondents abroad or of agents employed by such correspondents; yet the supreme court in The Bank of Orleans v.Smith (3 Hill, 560) still insisted, that the general commercial rule was correctly *Page 462 
laid down by that court in the case of Allen v. The Merchants'Bank, citing to sustain that opinion The Bank of Washington v.Triplet and Neal, 1 Peters, 25; East Haddam Bank v.Scovil, 12 Conn. 304 and Fabens v. The Mercantile Bank
(23 Pick. 330). As it respects the case referred to in Peters, there is an obvious distinction between the contract as alleged in that case and the contract in the case under consideration, the case of Allen v. The Merchants' Bank, or in the case ofThe Bank of Orleans v. Smith. There the case shows, thatTriplet and Neal the owners and holders of a bill drawn at Alexandria by Briscoe on Carnes of Washington city, placed it in the hands of the cashier of the Mechanics' Bank of Alexandria, not for collection by that bank, but for the purpose of itsbeing transmitted to a bank in Washington for collection, and endorsing it in blank for that purpose, there being no allegation that the bank at Alexandria made any contract to collect the bill, express or implied. Marshall, Ch. J., in delivering the judgment of the court said, that the bill was not delivered to the Mechanics' Bank at Alexandria for collection but fortransmission; that the bank in Washington became the agent of the holder; that the bank in Alexandria performed its duty by transmitting the bill and the whole responsibility of thecollection devolved on the bank which received it for that purpose.
The case cited in Pickering is directly in point for which it was cited before the court in 3 Hill. It shows that the note in that case was made by a person residing in Philadelphia, endorsed in blank by one Massey, and delivered by Fabens the owner to the defendant, a bank carrying on its business in Massachusetts, forcollection: that this bank in due season transmitted the note to the Bank of the United States in Philadelphia for collection, the only bank in that place, which the defendant employed to make its collections: demand of payment of the maker and notice to the endorser were neglected to be made and given in time, to charge the latter, by means of which the note was not collectable. The court in delivering its judgment said that as a general rule, it was well settled that if a bank *Page 463 
receives a note for collection it was bound to make a seasonable demand on the promisor, and in case of dishonor to give due notice thereof to the endorser, so that the security of the holder should not be lost or essentially impaired by the discharge of the endorsers; and that it was equally well settled that when a note is deposited with a bank for collection, which is payable at another place, the whole duty of the bank so receiving the note in the first instance, is seasonably totransmit the same to a suitable bank or other agent at the place of payment; and as a part of the same doctrine, it was well settled that if the acceptor of a bill or promisor of a note has his residence in another place, it shall be presumed to have been intended and understood between the depositor for collection
and the bank, that it was to be transmitted to the place of the residence of the promisor, and the same rule should then apply as if, on the face of the note, it was payable at that place. As sustaining this doctrine, that court cited the case referred to in Peters (Jackson v. Union Hank, 4 Har. and Johns. 146; Lawrence v. Stonington Bank, 6 Conn. 528, and the case of Allen v. Merchants' Bank, 15 Wend. 482), which within a month after it had been followed by the court in Massachusetts was reversed in this state, by the court of last resort, holding that when a bank or broker or other dealer receives upon good consideration a note or bill for collection in the place
where such bank, broker or dealer carries on business, or at adistant place, the party receiving the same for collection is liable for the neglect, omission or other misconduct of the bank or agent to whom the note or bill is sent either in the negotiation, collection or paying over the money, by which the money is lost or other injury sustained by the owner of the note or bill, unless there be some agreement to the contrary, express or implied. Whatever then, may be considered to be the commercial rule in other states on this subject, we are not at liberty to repudiate the rule as adjudged in our court of last resort. And I think it quite certain that the rule as stated by our supreme court and in the cases referred to in Massachusetts and Connecticut, derives no support from the decision of the supreme court of the United States in *Page 464 
the case referred to in that court. For there the contract between the holder of the bill and the bank in Alexandria was fortransmission of the bill to the bank in Washington, and not for the collection of it.
The bill or draft in this case should have been presented to the drawee for payment on the tenth day of July, and if neglected or refused, notice of demand and refusal or neglect to pay should have been given to the drawer and endorsers. The omission to do so discharged the drawer and endorsers, by reason whereof the plaintiff suffered a loss of the amount of the draft. The New York State Bank was the agent directly guilty of the neglect. That bank was employed to do the service by the plaintiff's agent The Albany City Bank, as its agent, to which it was alone responsible for its acts and neglects, and for which the latter according to the settled rule, was alone responsible to the plaintiff, there being no agreement to the contrary, express or implied.
The gist of this action is the breach of duty arising out of an employment for hire, considering that breach of duty as tortious negligence, instead of considering the same circumstances as forming a breach of promise implied from the same consideration of hire. The Bank of the State of New York not having been employed by the plaintiff as its agent, owed it no duty in respect to the draft, and therefore is not liable to the plaintiff for any neglect of duty which it owed to its principal the Albany City Bank under its contract with it.
Section 144 of the code provides for a demurrer to a complaint in six distinct cases, and section 148 provides, that if the objection is not taken either by demurrer or answer, the defendant shall be deemed to have waived all except the first,
which is that the court has no jurisdiction of the person of the defendant or the subject matter of the action, and the sixth, which is that the complaint does not state facts sufficient to constitute a cause of action. The defendant's counsel took the objection on the trial, substantially that the defendants were not charged by the complaint or evidence with a joint liability to the plaintiff for the neglect which occasioned the loss suffered. The objection *Page 465 
came in time. There was no cause of action shown by the plaintiff against the Bank of the State of New York, and therefore the complaint as against it should have been dismissed. The result is, the judgment as against the Albany City Bank must be affirmed with costs, and reversed as to the Bank of the State of New York, and the complaint as to that bank dismissed with costs against the plaintiff.