erty and thought well of it, and "that he, Moore, would take over" the lessee's interest "and go on with it"; that on a subsequent occasion when the taxes were unpaid, he spoke to Mr. Moore about it, and the latter said "it would be attended to," and that thereafter he received a receipt for taxes, showing that they had been paid by the defendant; that in January, 1913, he informed Moore over the telephone that a tenant had notified him that the premises were without coal, and that he could not remember Moore's answer. Counsel for the plaintiff then endeavored to show by the witness that, acting for plaintiff, he relied on these statements made by Mr. Moore, and delayed taking dispossess proceedings after rent and taxes were due and unpaid. Some of the questions were answered, but the court sustained objections to others. The answers received tended to show that the plaintiff felt secure, and expected that the bank would make the payments; but it also appears that the plaintiff's husband was advised that if she sued the bank, it could leave the sublessee in possession for the remainder of the term. The testimony given by plaintiff's husband on the question of estoppel was controverted by the testimony of Moore; but, for the purpose of the question now under consideration, the plaintiff is entitled to the most favorable view of the evidence.

We are of opinion that it was wholly insufficient to constitute an estoppel, or to warrant the plaintiff in refraining from taking dispossess proceedings or other action, on the theory that the bank had become an assignee of the lease. The original statement was apparently casually made, and not in answer to any inquiry in behalf of the plaintiff. The subsequent statements were quite consistent with the position the bank takes now. It had a right, by virtue of the assignment, to collect the rents and to apply them on the indebtedness for which the assignment was taken as security. The plaintiff had no reason to believe that the defendant had taken an assignment of the lease. She knew perfectly well that, whatever its interest was, it was taken with a view, not to becoming a tenant, but to secure the original lessee's indebtedness to it, and she could have so ascertained on inquiry and by examining the records, for the sublease was recorded the second day after its date. Inasmuch as there was no evidence to go to the jury upon either theory, the court erred in denying defendant's motion for a direction of a verdict.

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs. All concur.

---

(163 App. Div. 417)

McBRIDE v. ILLINOIS NAT. BANK. (No. 5828.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

1. APPEAL AND ERROR (§ 1097*)—LAW OF THE CASE.

A decision on a former appeal will be considered the law of the case on a subsequent appeal with reference to points on which the evidence on the retrial is the same as that introduced on the previous trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368, 4427; Dec. Dig. § 1097.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKS AND BANKING (§ 162*)—COLLECTION—TRANSMISSION TO COLLECT—
NEGLIGENCE OF COLLECTING BANK—LIABILITY TO OWNER.

Where a note was sent through several banks which took it for trans-
mission only and not "to collect," to defendant, which received it without
limitation of liability and forwarded it to a correspondent "to collect,"
and an indorser was released through the correspondent's negligence, de-
fendant became the agent of the owner and was liable directly to him for
the negligence of its collecting agent.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 562,
563, 565, 566; Dec. Dig. § 162.*]

Ingraham, P. J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Dennis H. McBride against the Illinois National Bank.
From a judgment for plaintiff entered on the report of a referee to
whom it was referred to hear, try, and determine the issues, defendant
appeals.    Affirmed.

See, also, 138 App. Div. 339, 121 N. Y. Supp. 1041.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, DOWLING, and HOTCHKISS, JJ.

Delos McCurdy, of New York City, for appellant.
George D. Beattys, of New York City, for respondent.

LAUGHLIN, J.   This is an action on an assigned claim of the Na-
tional City Bank of Akron, Ohio, to recover damages alleged to have
been caused by the negligence of the defendant as a bank employed to
collect a certain promissory note payable at the Galesburg National
Bank, Galesburg, Ill.

[1] This court, on an appeal from a former judgment herein in
favor of the plaintiff, reversed the judgment and ordered a new trial
before the referee whose report is now under review.   138 App. Div.
339, 121 N. Y. Supp. 1041.   The material facts then presented by the
record are stated in the opinion delivered on that appeal, and need not
be restated.   The loss has been occasioned by the release of a solvent
indorser.   On the former trial it was held, in effect, that the proximate
cause of the release of the indorser was a letter transmitted by the de-
fendant with the note to the People's Trust & Savings Bank of Gales-
burg, Ill., containing the words, "No Protest."   This court on the
former appeal held that it was not necessary to protest the note be-
cause it was not a foreign bill of exchange, and, on evidence which is
the same as that in the record now before the court, held that the said
People's Trust & Savings Bank of Galesburg which the defendant em-
ployed to collect the note was guilty of negligence in failing properly
to present the note for payment.   Since the evidence is precisely the
same with respect to those two points in this record, we adopt the
opinion on the former appeal without further discussing them.

[2] On the former appeal it was also held, on the authority of
Montgomery County Bank v. Albany City Bank, 7 N. Y. 459, that the
only theory on which the defendant would be liable to the plaintiff
for the negligence of its correspondent or collecting agent is that the
defendant was employed by the plaintiff to collect the note; and it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was also held that such employment was not shown in that the relations between the Cleveland Bank, to which the note was transmitted by the plaintiff's assignor, and the Chicago Bank, to which the Cleveland Bank transmitted the note, and between the Chicago Bank and the defendant, to which the Chicago Bank transmitted it, were not shown, and it did not appear whether or not there were any special contract relations between them with respect to this note; but it was assumed, and the learned referee has so construed the opinion, that the first bank which undertook unconditionally to collect the note became liable to the plaintiff's assignor as its agent. It then appeared, and now appears, that the Akron Bank, which owned the note, before the maturity thereof forwarded it by mail to the First National Bank of Cleveland, Ohio, its correspondent, for collection. The Cleveland Bank, however, in effect, refused to accept the note for collection by writing the owner a letter acknowledging the receipt of the note, and saying:

"In receiving and forwarding paper outside of this city, this bank acts only as your agent, using its best efforts in selecting its correspondents, and will assume no responsibility except for its own acts."

It was held on the former appeal that that notice relieved the Cleveland Bank of liability for the collection of the note, and that it merely undertook to transmit it as agent of the Akron Bank, and that in the absence of some limitation on the liability of the Chicago Bank the latter would become the agent of the Akron Bank. It now appears that, when the Chicago Bank received the note from the Cleveland Bank, it acknowledged the same on a postal card, upon which was printed the following:

"All items not payable in Chicago received by this bank for collection or credit, are taken at owner's risk. This bank, as agent for owner, will forward such items to banks out of this city, and assumes no responsibility for neglect, default or failure of such banks, nor for losses occurring in the mail. Should any bank convert the proceeds or remit therefor in checks or drafts, which are dishonored, the amount for which credit has been given will be charged back and dishonored paper returned."

The Chicago Bank transmitted the note to the defendant for collection, and there is no evidence of any contract limiting the liability of the defendant, or that it attempted in any manner to limit its liability by any letter or notice to the Chicago Bank, or otherwise. The presumption is that defendant accepted the note for collection, and the burden of showing a special agreement, express or implied, limiting its liability, was upon it. Nat. Revere Bank v. Nat. Bank of Republic, 172 N. Y. 102, 108, 64 N. E. 799. The learned referee has merely applied the opinion of this court on the former appeal to the facts as they now appear, and, following the views expressed by this court that, in the absence of any limitation on the liability of the Chicago Bank, it would become the agent of the owner of the note, the referee has held that the Chicago Bank, like the Cleveland Bank, merely received the note for transmission, and that the defendant became the agent of the owner for collection.

The Court of Appeals, in the Montgomery County Bank Case, supra, which has been accepted as the settled law of this state on these

questions and often cited with approval (Commercial Bank of Pennsylvania v. Union Bank of New York, 11 N. Y. 203; Naser v. First National Bank, 116 N. Y. 492, 22 N. E. 1077; see, also, to same effect, Nat. Revere Bank v. Nat. Bank of Republic, supra, and cases cited), clearly stated the rule to be that the bank accepting employment from the owner of commercial paper to collect it becomes his agent and is liable for any negligence on the part of any other bank or agent employed directly or indirectly by it to accomplish the purpose; and that, if the bank originally employed employs another, such other bank becomes its agent and not the agent of the owner, and is responsible to it alone and not to the owner for any negligence. This rule of law is not uniform throughout the United States, but it is the rule adopted by the Supreme Court of the United States. Exchange National Bank v. Third National Bank, 112 U. S. 276, 5 Sup. Ct. 141, 28 L. Ed. 722. It may be said that it was not necessary for this court on the former appeal to decide the question as to whether, if each bank in the chain preceding the defendant refused to accept the note for collection and merely transmitted it, and the defendant failed thus to limit its liability, the defendant would become the agent of the owner; but, in view of the decision of this court on the other questions, that was the only possible thing on which the defendant could be liable, and therefore that was the only occasion for the new trial, and whether it was necessary to express a decided view on that question on the former appeal or not, the views then expressed are, I think, sound and logical. If the defendant was the first bank which accepted the note for collection, that implies that the other banks merely acted as the owner's agent in transmitting the note and in ultimately employing the defendant to collect it.

Under the well-settled rule, the defendant, having accepted the note for collection, is liable either to the Chicago Bank or to the plaintiff for the negligence of the Galesburg Bank. Since the Chicago Bank did not accept the note for collection, it is liable neither to the Cleveland Bank nor to the plaintiff, and therefore, it having sustained no damages and incurred no liability for the ultimate negligence of the final bank for collection, it could not recover of the defendant, and unless the plaintiff can recover of the defendant it would seem that no one can. If there be any question with respect to the authority of the Cleveland Bank to accept the release of the liability of the Chicago Bank for the collection of the note, or of the Chicago Bank to act as agent for the owner in employing the defendant to collect the note, it would seem that the plaintiff by bringing this action has ratified such acts, and its ratification is equivalent to original authority. The proposition that the first bank which accepts employment for the collection of the paper becomes the agent of the owner is established, I think, by Bank of Washington v. Triplett, 1 Pet. 25, 7 L. Ed. 37, and Naser v. First Nat. Bank, supra. In the first of those cases the holder of an inland bill of exchange deposited it with the Mechanics' Bank of Alexandria for transmission to a bank in Washington for collection, indorsing it in blank for that purpose. It was held that the bank to which it was thus transmitted in Washington became the agent, not of

the transmitting bank, but of the owner of the bill, notwithstanding the fact that it did not know who was the owner of the bill. In that case, however, the negligence was on the part of the Washington Bank, and the case differs from this on the facts in that here the negligence, according to the decision on the former appeal, was not on the part of the defendant. I am of opinion, however, that Bank of Washington v. Triplett, supra, is consistent with the Montgomery County Bank Case, supra, only on the theory that the first bank which accepts paper for collection becomes through the employment of one of the transmitting banks the agent of the owner; and that is also true of the Naser Case, supra, in which the question was as to whether the fund collected was subject, in the hands of the bank to which it had been transmitted for collection by the bank employed for that purpose by the owner of the draft, to levy under an attachment against the owner of the draft, and it was held that the proceeds belonged to such owner, and not to the transmitting bank.

It follows that this judgment is right and should be affirmed.

McLAUGHLIN, DOWLING, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). When this case was before this court on the former appeal (138 App. Div. 339, 121 N. Y. Supp. 1041), we applied the principle established in the case of Montgomery County Bank v. Albany City Bank, 7 N. Y. 459, and expressly held, as I read the opinion, that the defendant could not be liable to the plaintiff on account of the failure of the People's Trust & Savings Bank at Galesburg, where the note was payable, to present the note for payment and properly protest it. The conclusion at which my Brother Clarke arrived in reversing that judgment is as follows:

"To sustain the judgment in this case would be to hold that the defendant, without knowledge of the special agreement, though with knowledge of the general rule, was liable, not to its immediate predecessor, but to a remote principal upon the doctrine of agency of an undisclosed principal and for a negligence not of its own but of its correspondent. If the plaintiff is right, and the chain once broken, all the links fall apart, and it has the right to sue any one, it should have proceeded against the People's Trust & Savings Bank. If it is not right and the rule has only been affected so far as the Cleveland and the Chicago banks are concerned, it has no privity with the defendant or right to sue it, even assuming, which we do not at all concede, that its act in allowing the words, 'No Protest,' to appear upon its letter of transmittal, was the proximate cause of the loss."

As to the substantial facts upon which this conclusion was based there is no change upon the new trial. The plaintiff in this action sues as the assignee of the National City Bank of Akron, Ohio. It discounted this note for a customer, and before maturity sent it to its correspondent, the First National Bank of Cleveland, Ohio. The Cleveland bank sent the note to the Commercial Bank of Chicago, which forwarded it to the Illinois National Bank of Peoria, Ill., which in turn forwarded the note to the People's Trust & Savings Bank of Galesburg, Ill. I think it clear that, applying the principle established in the Montgomery County Bank Case, supra, this defendant was not responsible to the plaintiff's assignor or either of the banks in the chain

except for its own negligence. It received the note in the ordinary course of business for collection at a point distant from the city in which it was located, and it passed the note on to a responsible banking institution in the city in which the note was payable. It certainly assumed no obligation either to the plaintiff's assignor or to any of the banks in the chain except for its own negligence, and there is no allegation or proof that it was negligent. The loss was occasioned solely by the failure of the Galesburg Bank to properly present the note. Certainly the defendant never became the agent of the plaintiff's assignor except to transmit the note for collection, and I think, in the absence of some negligence of the defendant, the defendant was not liable.

I think therefore that the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.