HARRIET E. NOBLE, Respondent, *v.* WILLIAM B. KENDALL, as Sole Surviving Partner of the Firm Formerly Trading under the Firm Name of KENDALL & WHITLOCK, Appellant, Impleaded with AUGUSTUS CRANE, JR., and Others, Defendants.

First Department, May 3, 1918.

Pleading — complaint in action against stockbrokers sought to be charged jointly — demurrer of one defendant sustained — when stockbrokers employed by other brokers to execute orders not liable to customer.

Demurrer to the complaint in an action brought against two firms of stockbrokers for an accounting with respect to moneys deposited with one of the firms as a margin on a speculative account. It was alleged, among other things, that one of the firms acted as correspondent, agent and broker for and on behalf of the firm with which the plaintiff deposited money and also on behalf of the plaintiff, which amounts to the allegation of a conclusion that the two firms acted jointly as agents and brokers of the plaintiff. Complaint examined, and *held*, that the demurrer of one of the defendant firms should be sustained in that they were only employed to execute the orders of the other defendant and were not answerable to the plaintiff personally, but only to the brokers who employed them.

But as it is possible that the plaintiff may have had a contract with the defendants so that they became jointly liable to her, she will be given an opportunity to amend her complaint.

APPEAL by the defendant, William B. Kendall, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of December, 1917, denying his

motion for judgment on the pleadings consisting of the complaint and appellant's demurrer thereto for insufficiency, and also from an order granting plaintiff's motion for judgment overruling the demurrer.

H. Preston Coursen of counsel [Austin, McLanahan & Merritt, attorneys], for the appellant.

Charles A. Winter of counsel [Rockwood & Lark, attorneys], for the respondent.

LAUGHLIN, J.:

This is an action against two firms of stockbrokers for an accounting with respect to moneys deposited as margin on a speculative account and their transactions involving the purchase and sale of stock. The appellant's firm conducted business in New York city, and the other firm, Crane, Parris & Co., conducted business in Washington, D. C. The plaintiff alleges that during the years 1900 to 1913 inclusive the " defendants jointly acted and were acting as the plaintiff's agents and stock brokers in and about the purchase and sale of various stocks and securities, said New York firm acting in that behalf for and on behalf of said Washington firm and the plaintiff." She then alleges that in the year 1900 at the solicitation of the Washington firm she opened an account with it for buying and selling stocks and other securities on a margin of ten percentum of the total market value of the securities purchased, and that the Washington firm agreed not to sell on a falling market without giving her an opportunity to protect her account by increasing her margin; that beginning with the 25th of April, 1900, the Washington firm reported to her from time to time that it had purchased and sold securities for her account; that she deposited with it margin amounting " to many thousands of dollars " as agreed and kept the same good by depositing additional money or other collateral satisfactory to it and she specifies 600 shares of stock so reported purchased by the Washington firm for her and alleges generally that said firm at other times reported the purchase and sale of other stocks and securities for her account and charged her interest on the " ostensible " monthly balances at rates from five to

fifteen percentum and compounded it monthly by adding the
charge for interest to the monthly balances claimed to be
due to the firm. It is further alleged that in February,
1912, when said firm's monthly statements of the account
showed that it was still carrying for her the said 600 shares
specifically described, the *defendants* made a pretended tender
thereof to her but tendered certificates of stock dated long
after the alleged purchases and plaintiff charges that the
alleged purchases were fictitious and that the stocks so
tendered were obtained merely for that purpose in an effort
on the part of the *defendants* " to make a pretended closing "
of plaintiff's account. It will be observed that these allega-
tions, with the exception of the charge that the stocks were
tendered to plaintiff by *defendants*, relate to transactions
and acts on the part of the Washington firm only. She
next alleges that the appellant's firm acted " as the corre-
spondent agent and broker for and on behalf of said Wash-
ington firm and the plaintiff " and further alleges that the
Washington firm *claims* that appellant's firm " in such capac-
ity " executed the transactions and received a large part of
the money so deposited by plaintiff with the Washington
firm and charged interest and commissions which were
included in the account between the Washington firm and
plaintiff, and that appellant's firm " in said capacity " had
" various dealings with the plaintiff's said securities by purchase
and sale " and in hypothecating them as security for money
borrowed thereon. Of course, the appellant is not required
to answer what the other brokers claimed, which is not alleged
to have been true. The only charge, therefore, in these alle-
gations requiring consideration is that appellant's firm acted
as the correspondent, agent and broker for the Washington
firm and the plaintiff. With respect to appellant's relations
with the Washington firm the allegations of the complaint
are perfectly consistent because the orders were to be executed
on the floor of the New York Stock Exchange, and unless
the Washington firm had a floor member, which is not alleged,
it would be necessary for it to execute the orders through
another or others. The fact, clearly alleged, that appellant's
firm acted as the correspondent, agent and broker for the
Washington firm is inconsistent with the claim that appel-

lant's firm acted also as correspondent, agent and broker for the plaintiff or as specifically alleged for the Washington firm and her. The plaintiff and her Washington brokers were not engaged in a joint adventure. The effect of these allegations and the only reasonable inference therefrom is that plaintiff opened a speculative account with the Washington brokers and they executed her orders through appellant's firm, and when there was a complaint with respect to interest charges and commissions they attempted to explain it by stating the part taken by appellant's firm and the charges made therefor. From this plaintiff has drawn, and in the complaint charged, the conclusion that the two firms acted *jointly* as her agents and brokers. She does not allege that she employed appellant's firm or deposited therewith any money or other security or directly placed any of the orders with said firm. No facts are alleged upon which appellant's firm would be accountable to plaintiff for the acts of the other brokers. If, as alleged, they joined with the other brokers in tendering plaintiff certain stocks with a view to closing the account, that would not render them liable unless there then existed between them a contractual relation by which they were liable jointly with the other brokers. The plaintiff alleges that she neither authorized appellant's firm to pledge any of her stock nor authorized the Washington brokers to confer such authority. If, as is fairly to be inferred, the Washington brokers employed appellant's firm to execute the orders, then the latter would be answerable not to plaintiff but to the other brokers who employed them. (*Evans v. Wrenn*, 93 App. Div. 346; affd., 181 N. Y. 566. See, also, *Montgomery County Bank v. Albany City Bank*, 7 N. Y. 459; *McBride v. Illinois Nat. Bank*, 163 App. Div. 417.)

The only remaining allegations of the complaint material to the present inquiry are general allegations that certain, if not all, of the stock claimed to have been bought and sold by *defendants* for plaintiff's account were fictitious and with respect to the amount paid by plaintiff to *defendants* and received by her from *them* and other allegations concerning a balance claimed by the Washington firm and an offer by that firm to surrender plaintiff's securities on payment of such balance and a sale of the securities on account of her

failure so to do. These allegations do not strengthen the plaintiff's case against appellant's firm. It is possible of course that plaintiff may have had a contract with these brokerage firms by which they became jointly liable to her, and, therefore, she should be afforded an opportunity of properly pleading such a contract if she had it.

It follows, therefore, that both orders should be reversed, with ten dollars costs and disbursements, and appellant's motion granted, with ten dollars costs, but with leave to plaintiff to amend on payment of such costs.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Orders reversed, with ten dollars costs and disbursements, and motions granted, with ten dollars costs, with leave to plaintiff to amend on payment of costs.