JOSEPH KATZ, Respondent, *v.* THE WESTERN UNION TELEGRAPH COMPANY and IRVING NATIONAL BANK, Appellants.

Supreme Court, Appellate Term, First Department, October Term — Filed November, 1922.

**Principal and agent — transmission of money to foreign country — where telegraph company is agent of sender it is not liable for negligence of bank employed to make transfer.**

A telegraph company having received money from plaintiff for payment to a party in Rotterdam, in conformity with its tariff and working rules approved by the interstate commerce commission, turned the money over to a bank

for transmission. *Held,* that the telegraph company was plaintiff's agent and where through the negligence of the bank the money was not transmitted, the bank alone was liable.

*McBride* v. *Illinois National Bank,* 163 App. Div. 417, distinguished.

APPEAL by both defendants from a judgment of the Municipal Court of the city of New York, borough of Bronx, first district, in favor of plaintiff, after a trial by a judge without a jury.

*Woodward, Dennis & Buhler* (*Joseph S. Buhler* and *Arthur B. King,* of counsel), for appellant Irving National Bank.

*Francis Raymond Stark* and *Joseph L. Egan,* for appellant Western Union Telegraph Company.

*Charles H. Herbst,* for respondent.

BIJUR, J. Plaintiff delivered money to the defendant telegraph company for payment to a party in Rotterdam. The telegraph company had no agent in Rotterdam and, therefore, turned the money over to the defendant bank for transmission. This was done in conformity with the prescribed tariff or conditions of defendant for the handling of money transfers on file with the interstate commerce commission in Washington. Needless to say that under the federal act of June 18, 1910, federal law governs the interstate and foreign commerce of telegraph companies and that tariffs filed with and approved by the interstate commerce commission are upon principles firmly established the sole legal conditions upon which the business may be done. *Western Un. Tel. Co.* v. *Esteve Bros. & Co.,* 256 U. S. 566; *Boston & Maine Rd.* v. *Hooker,* 233 id. 97.

Upon these considerations it seems to follow ·that the defendant telegraph company having acted strictly in conformity with its· tariff and working rules approved by the interstate commerce commission became in literal accordance with these terms the agent of the sender to contract with the bank in his behalf and that the money not having been transmitted through the negligence of the defendant bank the latter alone is liable. The bank as appellant urges that it had no contractual relation with plaintiff and that the latter's sole redress is against the telegraph company, citing *McBride* v. *Illinois National Bank,* 163 App. Div. 417. It is not necessary to say more than that the latter case concerned a matter of private contract only and is thereby clearly distinguished from the instant case where all parties having connection therewith are bound to know the conditions prescribed by public authority for the doing of the business.

Judgment modified so as to render judgment in favor of plaintiff

and against defendant Irving National Bank for $338.26, with costs, and dismiss the complaint on the merits against the Western Union Telegraph Company, with costs, and as so modified affirmed, without costs of appeal to either party.

GUY and MULLAN, JJ., concur.

Judgment modified.