JACOB FINK, Appellant, *v.* 37 WEST 36TH STREET COMPANY, Respondent, Impleaded with ELIAS KAISER, Defendant.

First Department, May 28, 1937.

*J. Irving Weissman,* for the appellant.

*William B. Shelton* of counsel [*Jenkins, Dimmick & Finnegan,* attorneys], for the respondent 37 West 36th Street Company.

PER CURIAM. The facts adduced by the plaintiff upon the trial were sufficient to establish a *prima facie* case, and, consequently, the court should not have dismissed the complaint.

We are in accord, however, with the rulings of the court on the question of insurance and replacement of the glass. While that evidence may be persuasive on the question of control, nevertheless, we do not deem it relevant. While it is true that the trial justice, in setting aside the verdict which was rendered upon the first trial, stated that such evidence might be obtained upon an examination before trial, in affirming the order setting aside the verdict upon the first appeal (242 App. Div. 624), this court did not intend thereby to give the impression that it agreed in all respects with the opinion as written.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — MARTIN, P. J., O'MALLEY, GLENNON, UNTERMYER and DORE, JJ.; DORE, J., dissents and votes for affirmance.

DORE, J. (dissenting). Plaintiff, a window washer, at the request and for the benefit of the lessee of a store in premises 37 West Thirty-sixth street, New York city, was engaged in washing the inside of the store window, when the plate glass fell outward and crashed on the sidewalk injuring plaintiff who fell with the window glass. Kaiser, the tenant, was lessee in possession and control of the store premises under a written lease from defendant landlord.

At the close of the case, after both sides had rested, the trial court on motion of defendant landlord dismissed the complaint upon admissions in the pleadings and claimed failure of proof establishing that defendant had control of the store premises. In legal effect this ruling was a direction of a verdict in favor of defendant. The trial court under section 457-a of the Civil Practice Act had the right to direct a verdict where the court would set aside a contrary verdict as against the weight of the evidence.

The record discloses no basis for legal liability in tort as against defendant landlord and *a fortiori* no *prima facie* case. The liability must be based on the landlord's control of the leased premises, and the control necessary to create such liability implies something more than the right to repair. It implies the power and right to admit and exclude persons. Where, as here, the tenant had possession and control of the entire store premises, the landlord is under no liability in tort to invitees of the lessee. At common law the landlord is under no duty to repair and is not responsible for defective conditions. The Multiple Dwelling Law declaring

such liability has no application to premises leased for commercial purposes.

Under controlling decisions, the lessor of a building, even though he covenants with the lessee to make repairs, is not liable in an action based on tort to the lessee or others upon the leased premises in the right of the lessee for injuries resulting from structural defects, or defective conditions existing in the leased premises when the lessee went into possession or developing during such occupancy. (*Cullings* v. *Goetz*, 256 N. Y. 287; *Campbell* v. *Holding Co., Inc.*, 251 id. 446.) Plaintiff's remedy is against the tenant who is in control of the premises and at whose request and invitation plaintiff was there. The well-settled doctrine illustrated in the above cases (and many others) was recently applied and enforced by this court in the case of *Kosior* v. *Pomrinse* (249 App. Div. 196).

The case of *Appel* v. *Muller* (262 N. Y. 278), relied on by plaintiff, is not in point. That case concerned the primary duty of the owner of a public building abutting on a public street to maintain it in such condition that it should not become dangerous to a passerby, one of the traveling public, on the sidewalk or highway. This was held to be a primary duty resting upon the landlord, which continued so long as the landlord retained the right and duty to make repairs.

The landord has no primary duty or liability for negligence to the lessee of store premises or his invitees and visitors, and a breach of covenant to repair, made by the landlord to the tenant of such premises, while a breach of contract, does not create any new duty or liability in tort in favor of the lessee, his invitees or visitors.

The judgment appealed from should be affirmed.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.