EVA TRAEGER et al., Plaintiffs, *v.* FARRAGUT GARDENS No. 1, INC., Defendant and Third-Party Plaintiff. STALEY ELEVATOR COMPANY, INC., Third-Party Defendant.

Supreme Court, Special Term, Kings County, September 7, 1951.

*Arthur V. Lynch* for third-party defendant.

*Norman Lustig* for third-party plaintiff.

HART, J. Plaintiffs instituted this action against the defendant, third-party plaintiff, Farragut Gardens No. 1, Inc., for damages for personal injuries and for loss of services alleged to have been sustained when plaintiff wife alighted from an elevator in an apartment house owned by defendant. The complaint alleges that the occurrence was due to defendant's negligence in the following respects: (1) Failure to suitably maintain, operate and control said elevator and appurtenances, (2) failure to properly repair and inspect said elevator and appurtenances, and (3) failure to provide lights.

Defendant served a third-party complaint on Staley Elevator Company, Inc., alleging a contract whereby the latter agreed to inspect, repair, alter and make adjustments to the elevator, and that prior to plaintiff's accident Staley from time to time made inspections, adjustments, alterations and repairs to the elevator. The third-party complaint further alleges that plaintiff's injuries were caused by her own fault or by the negligence of the third-party defendant in the following respects: (1) Failing to perform the agreement in a safe manner; (2) failing to

inspect, alter, adjust and/or repair the elevator and appurtenances; (3) causing and creating the conditions complained of by Eva Traeger; (4) making improper repairs to the elevator and appurtenances; (5) allowing the aforesaid conditions to remain for an unreasonable length of time, and (6) failing to post and provide safeguards and warnings to users of said elevator.

In moving to dismiss the third-party complaint, Staley advances several grounds, none of which warrant the relief prayed for. It is first urged that since it is not alleged that no repairs were made on the date of the accident that therefore Staley was not in control of the elevator, and it is not responsible to the third-party plaintiff. For the purpose of the motion the allegations of the third-party complaint are deemed true (*Schoenfeld* v. *Four Leaf Clover Realty Corp.*, 273 App. Div. 824). The third-party complaint alleges specific affirmative acts of negligent repair and adjustment of the elevator which would make the third-party defendant liable.

Staley makes point of the fact that no express agreement of indemnification has been pleaded, but such agreement is not always necessary. It may arise from the status of the parties as a matter of law (*Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *Robinson* v. *Binghamton Constr. Co.*, 277 App. Div. 468, 470).

Another contention advanced is that defendant is a joint tort-feasor *in pari delicto* and that therefore it may not cross-claim against the third-party defendant. This claim is predicated on the theory that since pursuant to section C26–1171.0 of the Administrative Code of the City of New York the owner of a structure is responsible for the safe operation and proper maintenance of an elevator, that therefore this is a nondelegable duty devolving upon the third-party plaintiff which precludes the service of a third-party complaint under the authority of *Semanchuck* v. *Fifth Ave. & 37th St. Corp.* (290 N. Y. 412). However, it is to be noted that in *Wischnie* v. *Dorsch* (296 N. Y. 257) the Court of Appeals specifically stated that the opinion in the *Semanchuck* case was to be restricted to cases involving section 241 of the Labor Law, which imposed a " positive " duty on the owner and contractor alike, and concluded (p. 262): " However, it is something else to hold that the Legislature, in adopting a statute to benefit a person in fields of activity other than construction and demolition work, also intended to deprive the owner, guilty of only passive negligence at

most, of his common-law right against the party in possession and control, whose negligence was the active and primary cause of plaintiff's injury. This brings us to the conclusion that the allegations of the cross complaint are sufficient to state a prima facie cause of action." (See, also, *Stein* v. *Pershing Square Bldg. Corp.*, 191 Misc. 30, and *Beinhocker* v. *Barnes Development Corp.*, 296 N. Y. 925.) The *Semanchuck* case (*supra*) specifically indicates that its ruling, which is predicated on *Walters* v. *Rao Elec. Equipment Co.* (289 N. Y. 57) is restricted to cases involving violation of the Labor Law *construction* and *demolition* work. (*McManus* v. *Board of Educ.*, 106 N. Y. S. 2d 51.) The contrary result reached in *Torvas* v. *Turkish & Arabian Coffee Co.* (N. Y. L. J., Dec. 19, 1949, p. 1701, col. 6) is not acceptable. The acceptable criterion is whether the statute is a codification of the common law or is an imposition of a positive and primary duty (*Chideckel* v. *Dime Sav. Bank of Williamsburgh,* 103 N. Y. S. 2d 616).

There is no merit to the third-party defendant's contention that the third-party complaint fails to allege any facts to justify a claim for judgment over against the third-party defendant. A fair reading of the complaint satisfies the court that sufficient facts are alleged.

Nor is there any merit to the contention that the allegation in the third-party complaint that the third-party defendant made defective repairs, is improper. This argument is predicated on the ground that plaintiffs' complaint alleges failure to repair the elevator, while the third-party plaintiff charges the third-party defendant with making improper repairs. This argument, however, overlooks the allegation in the complaint that the defendant was guilty of negligence in the *maintenance* of the elevator. As part of their proof of this allegation, plaintiffs may possibly show that repairs or adjustments were negligently made. Negligent maintenance may as well result from an improper repair as from the failure to make any repair. " It is well settled that a third-party complaint should not be held insufficient before trial, where, as here, the complaint alleges facts upon the proof of some of which defendant might be primarily liable for active negligence and upon proof of others of which defendant might be held secondarily liable for passive negligence " (*Chideckel* v. *Dime Sav. Bank of Williamsburgh, supra,* p. 620, citing cases). A possibility that there might be liability is all that the statute requires to bring in a third-party defendant (*B. M. C. Mfg. Corp.* v. *Tarshis,* 102

N. Y. S. 2d 371; *Robinson* v. *Binghamton Constr. Co.*, 277 App. Div. 468, *supra*; *McManus* v. *Board of Educ.*, 106 N. Y. S. 2d 51, *supra*). Whether defendant was actively or passively negligent will have to be determined at the trial (*Zeuner* v. *Village of Bronxville*, 104 N. Y. S. 2d 223).

The motion of the third-party defendant is accordingly denied. Submit order.