SIDNEY WEISBERG et al., Plaintiffs, *v.* BRIDGET BROGAN, Defendant and Third-Party Plaintiff. SALTER FUEL OIL CORP., Third-Party Defendant.

City Court of the City of New York, Special Term, Bronx County,
May 31, 1955.

*Max Teitelbaum* for third-party defendant.

*Leo Moskowitz* for third-party plaintiff.

*Solomon I. Esterman* for plaintiffs.

BONEPARTH, J.  Motion by the third-party defendant, Salter Fuel Oil Corp. (hereinafter referred to as Salter), to dismiss the complaint of the third-party plaintiff, upon the ground that it does not state facts sufficient to constitute a cause of action.

Third-party plaintiff, Brogan, is the defendant, in an action brought by a tenant in Brogan's building.  The original complaint alleges, that the defendant was negligent in maintaining an oil burner; that the oil burner exploded by reason of defendant's failure to inspect the same and ascertain the defects therein.

Brogan's third-party complaint alleges the bringing of the aforesaid action, and the substance of the complaint, and as a basis for the claim, against Salter, it further alleges that the third-party plaintiff " hired the services of the third-party defendant to inspect and clean the said oil burner ".  The third-party complaint also alleges " that in the event the plaintiff recovers a judgment against the defendant and third-party plaintiff by reason of the facts set forth in plaintiff's complaint, such liability on the part of the defendant and third-party-plaintiff * * * will have been caused and brought about by the carelessness and negligence of the third-party defendant in the inspection and cleaning of the said oil burner."

The third-party defendant, in its brief, argues for a dismissal, on the ground that the third-party plaintiff and the third-party defendant are claimed to be joint tort-feasors.

Brogan is the owner of the premises, in which the boiler was maintained. Salter is alleged to be the party employed to inspect and clean the boiler. For the purposes of this motion, these allegations must be assumed to be true.

A similar claim was raised by a third-party defendant, in *Traeger* v. *Farragut Gardens No. 1* (201 Misc. 18). In that case, defendant and third-party plaintiff, owner of an apartment house, was sued for alleged negligence in failing to properly maintain, repair and inspect an elevator, whereby plaintiff suffered injury. The opinion in that case reads, in part, as follows (p. 19): " Defendant served a third-party complaint on Staley Elevator Company, Inc., alleging a contract whereby the latter agreed to inspect, repair, alter and make adjustments to the elevator, and that prior to plaintiff's accident Staley from time to time made inspections, adjustments, alterations and repairs to the elevator. The third-party complaint further alleges that plaintiff's injuries were caused by her own fault or by the negligence of the third-party defendant " in certain respects, to wit, failing to inspect and repair and making improper repairs, among other things.

Staley, third-party defendant in that case, urged that the owner and Staley were joint tort-feasors. Staley claimed, that pursuant to the Administrative Code of the City of New York, the owner was responsible for the operation and proper maintenance of the elevator, and therefore, this was a nondelegable duty . The elevator company relied there (as does Salter, third-party defendant here) upon the case of *Semanchuck* v. *Fifth Ave. & 37th St. Corp.* (290 N. Y. 412). The court pointed out, however (201 Misc. 20), " that in *Wischnie* v. *Dorsch* (296 N. Y. 257) the Court of Appeals specifically stated that the opinion in the *Semanchuck* case was to be restricted to cases involving section 241 of the Labor Law, which imposed a ' positive ' duty on the owner and contractor alike ". The court, in the *Traeger* case, concluded that the claim of the third-party defendant was not sound, and denied the motion of the third-party defendant, to dismiss the complaint. Similarly, here, Brogan, third-party plaintiff and Salter, third-party defendant, cannot be held to be joint tort-feasors, under these pleadings.

However, the third-party complaint, in the instant case, does not allege sufficient facts to state a cause of action.

The Civil Practice Act (§ 241) requires a concise statement of material facts in a pleading, to enable the party served with the pleading to prepare intelligently for trial and avoid some unforeseen construction put upon the allegations in the complaint.

The mere statement of the conclusion that "liability on the part of the * * * third-party plaintiff * * * will have been caused and brought about by the carelessness and negligence of the third-party defendant" is not sufficient (*Shass* v. *Abgold Realty Corp.*, 277 App. Div. 346; *Green* v. *Hudson Shoring Co.*, 191 Misc. 297, 301, 302).

In the instant case, the third-party complaint does not contain any clear or concise allegation that the third-party defendant did, before the date of the accident, alleged in the main complaint, inspect or clean or service the oil burner. It is to be noted that, in the *Traeger* case (201 Misc. 18, 19, *supra*) the court pointed out that the third-party complaint contained an allegation "that prior to plaintiff's accident Staley from time to time made inspections, adjustments, alterations and repairs to the elevator." (See, also, *Green* v. *Hudson Shoring Co.*, *supra*, p. 302.)

The third-party complaint here alleges that Salter was hired on or about September 22, 1954, to inspect and clean the oil burner in the premises. Nowhere is it alleged that Salter at any time before the date of the accident did inspect or clean or service the oil burner.

The mere failure on the part of Salter to make any inspection or to clean the boiler would not subject Salter to a liability for negligence.

Speaking of a contract to repair a building and the effect of a breach of that contract, the court said in *Schick* v. *Fleishhauer* (26 App. Div. 210, 211–212): "Where the sole relation between two parties is contractual in its nature, a breach of the contract does not usually create a liability as for negligence. In such a case the liability of one of the parties to the other because of negligence is based either on a breach of some duty which is implied as a result of entering into the contractual relation, *or from the improper manner of doing some act which the contract provided for;* but the mere violation of a contract, where there is no general duty, is not the subject of an action of tort." (Italics ours; see, also, *Cullings* v. *Goetz*, 256 N. Y. 287, 290; *Rich* v. *New York Central & Hudson Riv. R. R. Co.*, 87 N. Y. 382, 390; *Busch* v. *Interborough R. T. Co.*, 187 N. Y. 388, 391, and 86 C. J. S., Torts, § 2, p. 923; § 3, p. 924, n. 19, citing *Standard Brands* v. *Bateman*, 184 F. 2d 1002.)

Accordingly, the motion to dismiss the third-party complaint will be granted, with leave to the third-party plaintiff to serve an amended complaint at any time but not later than twenty days after the service of a copy of the order herein with notice of entry.