Lester Holtzman, J.
The fifth-party defendant, by separate notice of motion, moves to dismiss the fifth-party complaint upon the grounds of (1) laches and (2) failure to state facts sufficient to constitute a cause of action.
The primary action is one to recover damages for personal injuries allegedly sustained when the water of the shower which plaintiff was then using “suddenly became sealdingly hot.” *469 That action was commenced against the owner of the premises. Successively impleaded were the plumbing contractor, the supplier, the wholesaler and, finally, the manufacturer.
The motion to dismiss the complaint on the ground of laches is denied. True, the accident which forms the basis of this action is alleged to have occurred on January 11, 1956, but the fifth-party plaintiff was not served with the fourth-party complaint until June, 1961 and in its answer the fifth-party plaintiff denied having sold the valve in question. In 'September, 1962, however, it was served with a bill of particulars to which was annexed a copy of the invoice for the valve in question, whereupon the fifth-party plaintiff caused further investigation to be made and, on October 19, 1962, its fifth-party complaint to be served upon the manufacturer of that valve, movant here.
The motion to dismiss the fifth-party complaint for legal insufficiency is also denied. The primary complaint charges the defendant owner with negligence ‘ ‘ in the management, operation and maintenance of the water conduits, hot water system and other appliances appurtenant to and part of the water supply system servicing the shower ”. In plaintiff’s bill of particulars, the negligence of the defendant owner is stated to be as follows: “ Defendant, its agents, servants and/or employees were negligent in permitting and allowing scalding and steaming water to flow from the faucets or showerhead located in the bathroom of plaintiff’s apartment; in failing to take steps and precautions calculated to prevent such an occurrence; in not having the pipings, pipes, inlets and outlets properly connected or controlled so as to prevent scalding water to flow from the showerhead, and in maintaining the above piping, pipes, inlets and outlets in such fashion that steaming, scalding water suddenly flowed out from the showerhead although the faucets were turned on for a flow of water of moderate temperature.”
The fifth-party defendant contends that since the negligence charged to the defendant owner is active negligence only, impleader does not lie. But it cannot be said as matter of law that the defendant owner is charged with active negligence only. Part of the negligence charged to it, both in the primary complaint and the bill of particulars, is faulty maintenance, which may or may not constitute active negligence (Traeger v. Farragut Gardens No. 1, 201 Misc. 18, 21-22). A factual development of the other negligence charged may also disclose a basis for finding that the defendant owner was only passively negligent. In any event, liberally construing the fifth-party complaint, as the court must, there is at least a fair doubt as to whether a case for liability over has been pleaded. In such cases the *470 policy is to leave the question to the trial court (De Lilli v. Niagara Mohawk Power Co., 11 A D 2d 839; McCants v. Wilmorite, Inc., 9 A D 2d 724; Lyon v. Banks, 8 A D 2d 823).
The disadvantage — which, incidentally, is not complained of by the primary plaintiff — that a further, short delay of the trial of this action is necessitated by the foregoing disposition of this motion is greatly outweighed by the advantage of having the respective rights of all of the parties determined in a single action.
The fifth-party defendant may serve its answer within 10 days after service of a copy of the order to be entered hereon, with notice of entry.