Edward. Lynch, Respondent, *v.* The Elektron Manufacturing Company, Appellant, Impleaded with Others.

**Elevator accident — negligence and contributory negligence.**

The plaintiff, an electrical worker, while at work in a building in course of construction, in an elevator shaft containing three elevators, only one of which was being operated for use, was injured by the descent upon him of another elevator, which was being moved up and down for the purpose of painting the chain which served as a counterweight. The elevators were in charge of the employees of the defendant corporation, which had the contract for installing them, and the plaintiff was employed by a firm which had the contract for the electrical work

in the building.  Upon the record presented, *held*, that the defendant had not been shown to be guilty of negligence, and that the plaintiff had not been shown to be free from contributory negligence.

*Lynch* v. *Elektron Mfg. Co.*, 124 App. Div. 937, reversed.

(Argued March 25, 1909; decided April 6, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 13, 1908, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick Hulse* for appellant.

*Dudley Davis, John Vernou Bouvier, Jr.,* and *George O. Redington* for respondent.  The evidence of the defendant's negligence is clear and convincing.  (*O'Rourke* v. *Waite Co.*, 125 App. Div. 825 ; *Bill* v. *N. Y. E. M. Co.*, 60 App. Div. 470 ; *Schmidt* v. *Steinway*, 55 Hun, 496 ; *Pelzel* v. *Schepp*, 83 App. Div. 444 ; *Smith* v. *N. Y. & H. R. R. Co.*, 19 N. Y. 127.)  The plaintiff took every precaution to protect himself in the prosecution of his work.  (*Rich* v. *Pelham Co.*, 23 App. Div. 246 ; *Schmitt* v. *M. L. Ins. Co.*, 13 App. Div. 120 ; *Bower* v. *Cushman*, 55 App. Div. 45 ; *Jossaers* v. *Walker*, 24 App. Div. 38 ; *Mills* v. *T. E. Co.*, 54 App. Div. 124 ; 172 N. Y. 660 ; *Wilcox* v. *City of Rochester*, 190 N. Y. 137 ; *Joliffe* v. *Miller*, 126 App. Div. 763 ; *Laidlaw* v. *Sage*, 158 N. Y. 73 ; *Sallie* v. *N. Y. C. Ry. Co.*, 110 App. Div. 667 ; *Hoes* v. *E. G. E. Co.*, 161 N. Y. 35 ; *Wolf* v. *Devitt*, 83 App. Div. 42.)

WERNER, J.  The plaintiff was injured in an elevator accident which occurred on the 12th day of January, 1903, in a building known as the Hotel Martha Washington in the city of New York.  He was at that time employed as an electrical worker by the defendants McLeod and Ward, who had the contract for equipping the building with electrical wiring and appliances.  The other defendant, the Elektron Manufactur-

ing Company, was installing three passenger elevators which were housed in a single shaft consisting of three subdivisions or compartments, and were practically complete at that time. The most southerly of the three was being used to carry furniture to the upper floors and it was operated by one McAvoy, an employee of the Elektron Company. The northerly elevator seems not to have been in use, and the extent to which the middle one had been operated is a matter of some uncertainty. There is evidence from which the jury might have found that the middle elevator had been left stationed at the twelfth floor of the building during the whole of the forenoon preceding the accident, but the fact probably was, as testified by several witnesses, that it had been moved upward by slow stages while a workman stationed in the pit painted the heavy chain counterweight attached to the under side of the cage or car, and that it had reached the twelfth floor but a short time before the accident.

On the morning of the accident the plaintiff had reported for duty at the usual hour, and had been directed by his foreman to put up some telephones in the basement. It transpired that the basement had been flooded so that no work could be done there, and the plaintiff was then directed to put the lids on some junction boxes that were affixed to the walls of the elevator shafts at each floor of the building. When the plaintiff ascertained that the southerly elevator was being operated he reported the fact to the foreman, who told him to make some arrangement with the operator. Thereupon the plaintiff returned to the elevator and arranged with McAvoy, the operator, to call out as he was ascending or descending so as to enable the plaintiff to keep out of harm's way. The plaintiff started to put the covers on the junction boxes, taking one elevator shaft or compartment after the other until he had finished at the first floor, and so on, from floor to floor, until he had reached the eleventh at about half after eleven o'clock in the forenoon. When he began work on the junction box at this floor in the middle shaft the elevator was at the twelfth floor. He stood with one foot upon the sill of the doorway

leading into the shaft and the other foot upon a cross-beam which extended at a right angle across the shaft. While he was in this position the elevator descended and inflicted the injuries described in the complaint and the evidence. There was no one in the elevator when it was started downward. Whitney, the defendant's foreman, was in the basement, and there gave the signal to the engineer.

These facts sharply present the question whether the defendant is chargeable with negligence for the act of its foreman in starting the elevator without warning to the plaintiff, or whether the plaintiff was negligent in failing to notify the defendant's foreman that he intended to work in all of the elevator shafts. The evidence which bears upon that question is simple, and to our minds, conclusive against the plaintiff. The defendant's foreman knew that the electrical workers were in the building, but he did not know just what they were doing or where they were working on that day, and he had not been informed that the plaintiff was at work in the shafts. The plaintiff knew that the southerly elevator was being operated, and he appreciated the danger of working in that shaft. Having reported the situation to his foreman, he was told to make an arrangement with the operator, and this he proceeded to do. But he said nothing to any one about working in the other two shafts or compartments. He went to work there without making any arrangement for his safety similar to the one he had made with McAvoy as to the southerly shaft. If he did this with knowledge that the middle elevator was being gradually raised to the top floor, as described by Whitney and Schock, he was plainly reckless, for he had no assurance that it would not again be lowered to the basement. Almost equally careless was it for him to attempt to work in either of these two shafts if he did not know whether the elevators were being operated or not. The very precaution which he took with reference to the elevator which he knew to be in operation should have led him to make inquiry as to the other two, and his failure to do it is inexcusable. It would have been a simple thing for him to

have notified Whitney, the defendant's foreman, that he desired to work in all the shafts, and that would doubtless have resulted in some satisfactory arrangement for mutual protection. In any view of the case it seems impossible to escape the conclusion that the accident could not have happened but for plaintiff's own negligence.

When we consider the question of the defendant's alleged negligence, the case is equally conclusive against the plaintiff. After Schock had finished painting the chain he looked up into the shaft. Seeing no one, he called to Whitney to bring down the elevator, and the latter signaled to the engineer. There was nothing in the circumstances which required them to do more. Counsel for the plaintiff seizes upon the fact that Schock looked into the shaft, as an admission that the defendant's employees realized the necessity for caution. That is explained, however, by Schock's testimony to the effect that he looked because the workmen about the building sometimes pried open the elevator doors and called down for the elevator. This testimony, it is true, was given by a witness called for the defendant, but it was uncontradicted. If it was accepted by the jury as true, it acquitted the defendant of negligence; and if it was disbelieved or disregarded, there was absolutely nothing to prove that the defendant failed in any duty which it owed to the plaintiff.

As the order of the Appellate Division, affirming the judgment entered upon the verdict, does not appear to have been unanimous, the exceptions taken by the defendant's counsel to the denial of his motions to dismiss the complaint properly present the questions which we have discussed. Aside from that, however, the same questions were raised by appropriate exceptions to the charge as made, and to the refusals to charge as requested.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and HISCOCK, JJ., concur.

Judgment reversed, etc.