### KOLACKI v. AMERICAN SUGAR REFINING CO.

(Supreme Court, Appellate Division, Second Department. April 25, 1916.)

MASTER AND SERVANT ⬉236(11)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where the deceased, while in the employ of defendant, entered an elevator well to pick up bags taken from him and thrown there by the foreman in charge of the basement, where he had procured the articles by order of his own foreman in a connecting building, knowing of the well and its use, without making any provision for protection against the elevator as it descended, he was negligent, since the guard, which was up at the time of his entrance, was required to bar the way to one entering through ignorance, and not a person going in with knowledge and design.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 735; Dec. Dig. ⬉236(11).]

Appeal from Trial Term, Kings County.

Action by John Kolacki, as administrator of Michael Kolacki, deceased, against the American Sugar Refining Company. From a judgment for plaintiff, and an order denying motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and PUTNAM, JJ.

B. L. Pettigrew, of New York City (Walter L. Glenney, of New York City, on the brief), for appellant.

Martin T. Manton, of New York City, for respondent.

PER CURIAM. The defendant's servant entered the well of an elevator to pick up some bags that had been taken from him and thrown there by a foreman who had charge of the things stored in the basement, where the decedent had procured the articles, as he was ordered to do by his own foreman, who was in a connecting building. A descending elevator killed him. The defendant had provided a sufficient bar to preclude entrance to the well, the bottom of which was a few inches below the floor of the basement. There was sufficient evidence that the bar was not in place, and that in practice it was kept lifted, so as to permit entrance. The proof is that the decedent knew of the well and of its use, and that he entered it without making any provision for protection against the elevator as it descended. The guard was required to bar the way to one seeking to enter through ignorance or inadvertence, not to turn aside a person going in with knowledge and design. The decedent could scarce escape the misfortune to which his venture, undertaken with full knowledge, exposed him. Lynch v. Elektron Mfg. Co., 195 N. Y. 171, 88 N. E. 48.

The judgment and order should be reversed, and a new trial granted, costs to abide the event.