James B. M. McNally, J.
At the close of the entire case, the defendant Watson Elevator Co., Inc. moved to dismiss the complaint on the ground that plaintiff failed to adduce sufficient evidence to sustain her complaint against the moving defendant. The proof established that on the day of the accident plaintiff, a resident of a multiple dwelling, opened the door of the elevator shaft preparatory to entering the passenger elevator. Unfortunately, the elevator was not at the floor landing when plaintiff opened the door and she consequently was precipitated to the bottom of the shaftway sustaining very serious injuries. It appears that when operating properly the door of the elevator shaft cannot be opened unless and until the elevator is at the floor level.
The defendant Watson Elevator Co. Inc. had undertaken to inspect and maintain the elevator. So far as appears the maintenance contract was oral. For the purpose of this motion the court assumes that there was present an obligation to properly maintain the passenger elevator and its appurtenances and that the accident was caused by the breach of the obligation to properly maintain as indicated.
The question presented is whether the moving defendant Watson Elevator Co., Inc., was obliged to maintain the elevator in respect of the plaintiff herein. The liability of Watson Elevator Co., Inc., if it is present, is one in tort. Under the circumstances of this case, the liability in tort is incidental to occupation and control. (Dick v. Sunbright Steam Laundry Corp., 307 N. Y. 422, 424.) There is no evidence of operation or control in the defendant Watson Elevator Co., Inc. at the time of the occurrence. Plaintiff, however, relies upon the following provisions of the Administrative Code of the City of New York: “ § C26-103.0 Owner. — The term ‘ owner ’ shall mean and include the owner or owners of the freehold of the premises or *658 lesser estate therein, a vendee in possession, a mortgagee or receiver in possession, an assignee of rents, a lessee or joint lessees of the whole thereof, an agent or any other person, firm or corporation directly in control of such building.
* * #
“ § C26-1171.0 * * * b. Responsibility for inspection and maintenance. — The owner of the structure, in which an elevator, escalator or dumbwaiter is installed, or his duly appointed agent shall cause periodic inspections to be made of all parts of each elevator, escalator, and dumbwaiter installation. Such owner or agent shall maintain all parts of such elevator, escalator and dumbwaiter installation in proper working order in accordance with the provisions of this title and the rules of the board.”
In Stein v. Pershing Sq. Bdg. Corp. (191 Misc. 30, affd. 275 App. Div. 831, affd. 300 N. Y. 665) my learned colleague, Mr. Justice Walter, held (p. 33) that the said provisions of the Administrative Code served to impose the responsibilities of inspection and maintenance on the “ person in actual possession and control ” and that it was not the purpose nor the intent of the Administrative Code to make any changes in substantive law relating to liability in tort in the circumstances here involved.
The holding in the instant case reported in Ames v. Watson Elevator Co. (303 N. Y. 732) does not avail the plaintiff. That involved an appeal from an order denying a motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. The complaint herein alleges that the maintenance contract entered i^to by and between the owner and the defendant Watson Elevator Co., Inc. gave the latter exclusive possession and control of the safety devices of the elevator. The proof, however, fails to establish the allegations of possession and control on the part of the moving defendant. The court is, therefore, constrained to grant the motion of the defendant Watson Elevator Co., Inc. and accordingly the complaint against the defendant Watson Elevator Co., Inc. is dismissed with an appropriate exception to the plaintiff on the ground stated. The cross complaint directed against Watson Elevator Co., Inc., is also dismissed with an appropriate exception to the remaining defendants.