Mae Kelly et al., Appellants, *v.* Watson Elevator Co., Inc., Respondent.

Argued April 21, 1955; decided July 8, 1955.

*Bernard Meyerson* and *Herman E. Hoberman* for appellants. I. The Official Referee found as a matter of fact that plaintiffs were misled by a false assurance of safety and, in view of the

affirmance of the findings of fact by the Appellate Division, the reversal of the judgment and the dismissal of the complaint was error. (*Beinhocker* v. *Barnes Development Corp.*, 296 N. Y. 925; *Kirshenbaum* v. *General Outdoor Adv. Co.*, 258 N. Y. 489.) II. Plaintiffs adequately proved that the accident was caused by defendant's negligence in the maintenance and repair of the elevator. (*Beinhocker* v. *Barnes Development Corp.*, 296 N. Y. 925; *Ames* v. *Watson Elevator Co.*, 303 N. Y. 732.)

*Samuel E. Swiggett* for respondent. The judgment entered on the order of the Appellate Division is correct because plaintiffs failed to prove any negligence on the part of defendant. (*Murray* v. *Usher*, 117 N. Y. 542; *Van Antwerp* v. *Linton*, 89 Hun 417, 157 N. Y. 716; *Greenauer* v. *Sheridan-Brennan Realty Co.*, 224 App. Div. 199; *Mollino* v. *Ogden & Clarkson Corp.*, 243 N. Y. 450; *Zurich Gen. Acc. & Liability Ins. Co.* v. *Watson Elevator Co.*, 253 N. Y. 404; *Currie* v. *International Mag. Co.*, 256 N. Y. 106; *Beinhocker* v. *Barnes Development Corp.*, 296 N. Y. 925; *Ames* v. *Watson Elevator Co.*, 303 N. Y. 732.)

DYE, J. This is a suit to recover damages for personal injuries and incidental expenses allegedly caused by defendant's negligent failure to properly service, maintain and repair a self-service elevator. Following a nonjury trial of the issues, the plaintiffs had a judgment, which has been reversed and their complaint dismissed in the court below, on the ground that, as a matter of law, there was no proof of defendant's negligence and that its negligence caused the injuries complained of. All findings of fact implicit in the Referee's decision were affirmed. The plaintiffs have appealed as of right.

There is evidence establishing that the plaintiff, as she was entering the self-service elevator in question, tripped and fell to her injury when her foot caught on the floor of the elevator which, though she had not noticed it, was some three or more inches above the level of the landing. Two days prior to the accident the husband — who, with his wife's part-time assistance, performed the duties of superintendent of the apartment building in which the elevator was located — notified the defendant that the elevator was not leveling properly. The defendant thereupon sent a mechanic, who ostensibly corrected the defect, and advised the husband in the presence of his wife that every-

thing was " O. K.", an assurance on which she had the right to rely (*Kirshenbaum* v. *General Outdoor Adv. Co.,* 258 N. Y. 489). Two days later she had the accident. Her testimony at the trial that on the day before the accident — which was subsequent to the repair work — the elevator was " all right " (what she meant thereby does not appear), is not such an admission against interest as to destroy the probative effect of other affirmative testimony that the elevator was not leveling properly. According to her husband, the elevator stopped three or more inches above the landing level and by the testimony of defendant's own mechanic, some one and one-half inches. The latter witness could not remember whether he had corrected such condition, even though he considered it advisable to make an adjustment whenever the difference was an inch above or below the landing level.

Upon such a state of the record, a question of fact was raised as to whether such failure to level properly was due to negligent maintenance and if so, whether such defect was the proximate cause of the plaintiff's injuries. It is axiomatic that where there is a conflict in the evidence as to the issues controverted, matters of credibility and weight are for the jury to determine or, if the trial be without a jury, for the trier of the facts. On this record it cannot reasonably be said that the fact of negligence and proximate cause as found by the Referee is, as a matter of law, without support in the evidence.

We agree with the learned Referee that the facts of this case bring it within the principle of *Beinhocker* v. *Barnes Development Corp.* (296 N. Y. 925) and *Ames* v. *Watson Elevator Co.* (303 N. Y. 732).

The judgment appealed from should be reversed and that of the Trial Term reinstated, with costs in this court and in the Appellate Division.

CONWAY, Ch. J., FROESSEL and BURKE, JJ., concur with DYE, J.; DESMOND, FULD and VAN VOORHIS, JJ., dissent and vote to affirm upon the ground stated in the memorandum of the Appellate Division.

Judgment reversed, etc.