Jean Wroblewski, Appellant, *v.* Otis Elevator Company,
Respondent.

Third Department, December 10, 1959.

*A. D. Robert Jones* for appellant.

*Ainsworth, Sullivan, Tracy & Knauf (Bruce R. Sullivan* of
counsel), for respondent.

Foster, P. J. This is an appeal by a plaintiff from a judg-
ment of no cause of action in a negligence action.

Appellant was an elevator operator for the New York Telephone Company, employed in its building on State Street in the City of Albany, New York. On the 11th day of May, 1953, she discharged her last passenger from the elevator she was operating, on to the seventh floor of the building, then placed the control handle in an up position, but the elevator, instead of going up, plunged downward until it forcibly struck the buffer in the pit at the foot of the elevator shaft. As a result of this fall she claimed to have received the personal injuries which formed the basis of her claim for damages in this action.

The Otis Elevator Company, the defendant-respondent, had a service contract with the New York Telephone Company with respect to the elevator in question, as well as others, maintained in the Telephone building. This contract provided for service by way of examination of the elevator, cleaning, oiling and greasing, and making necessary minor adjustments. Emergency call-back service was also provided for between regular examinations if trouble developed with the equipment and Otis was notified. For this service Otis received $754 a month.

The elevator in question was not an Otis elevator, but had been manufactured by the Gurney Elevator Company, electrically designed by the General Electric Company, and installed in the Telephone building in 1929. Appellant testified that on the morning of the day the accident happened she noticed that the elevator did not work properly, and she so notified the elevator starter who was on duty at the time. Later a serviceman from Otis appeared and rode with her in the elevator to the ninth floor, made some sort of an examination there, and then told her that the elevator was working all right. The serviceman flatly denied the testimony of appellant in this respect and on that phase of the case a sharp issue of fact was presented.

After the accident happened the serviceman named by appellant made an examination of the elevator, and checked the various control and safety devices. He testified that he ran the car up and down about 50 times before he discovered that something was wrong with the car. On the last trip down he threw the control handle up but the car continued to go down. Finally it was found that one of the wires, designed and installed to carry an electric current in the traveling cable, had been severed, and this break was the source of the trouble.

A great deal of evidence was taken on the trial but the foregoing will serve to indicate the questions of law involved. On the issue of liability the trial court charged the jury in this language;

" Unless, from the evidence in this case, you find that the Otis Elevator Company, the defendant, made repairs or made replacements on this elevator, and that in making such repairs or replacing such parts by some act of commission or omission it brought about the accident described in the evidence in this case, the plaintiff cannot recover."

In thus limiting the consideration of the jury we think the trial court erred. As a matter of fact there was no evidence that Otis had made any repairs to the elevator, or replaced parts, prior to the accident; hence the charge quoted amounted, for practical purposes, to a direction of a verdict for the defendant. The respondent argues here that failure to inspect properly was a breach of contract, and the remedy arising therefrom belonged solely to the Telephone Company (*Greenauer* v. *Sheridan-Brennan Realty Co.*, 224 App. Div. 199; *Murray* v. *Usher,* 117 N. Y. 542; *Ultramares Corp.* v. *Touche,* 255 N. Y. 170). The trial court apparently relied upon the principle of lack of privity enunciated in such cases, but we think they do not amount to a strait jacket on the facts, such as they might be found, in this case. Even in the *Ultramares* case (p. 180), which involved only the misrepresentations of accounts, a clear warning was sounded that in the field of contract there has been a gradual widening of the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268). The present juridical thought on the subject was well expressed in the case of *Rosenbaum* v. *Branster Realty Corp.* (276 App. Div. 167, 168): " The duty of reasonable care in the performance of a contract is not always owed solely to the person with whom the contract is made or those claiming through him. It may inure to the benefit of others ". In that case it was emphasized that failure to perform a contract, and the negligent performance thereof were entirely separate and distinct propositions. (See, also, *Glanzer* v. *Shepard,* 233 N. Y. 236; *Beinhocker* v. *Barns Development Co.,* 296 N. Y. 925; *Wisner* v. *Harmas Holding Corp.,* 1 A D 2d 957; *Kelly* v. *Watson El. Co.,* 309 N. Y. 49; *Ames* v. *Watson El. Co.,* 303 N. Y. 732.)

In this case it seems to have been overlooked that appellant testified as to a specific complaint that the elevator was not working properly, and in response to such complaint a serviceman from Otis appeared, examined the elevator and assured her that it was all right. This was denied but the denial only created an issue of fact. If the jury accepted appellant's testimony, then the representative of Otis was obliged to make a reasonably careful and prudent inspection. If he failed to do

so and injury resulted to the appellant by reason thereof it is no defense that he did not make any repairs to the elevator under the contract or otherwise. Such a defense would be contrary to common sense. Failure to make any inspection, or nonfeasance, would of course be merely a breach of contract for which Otis would not be liable in negligence, but if inspection was undertaken, in dealing with an instrumentality potentially dangerous then Otis was obliged to perform such inspection in a reasonably careful and prudent manner, and its failure to do so would inure to the benefit of a third party using the elevator.

Considerable argument is presented over the issue of control, but this issue appears to us to be irrelevant, or at least not decisive. Certainly Otis had a right to inspect the elevator, with or without a call to do so. The main issues, as we read the record, are: (1) did Otis undertake an examination of the elevator after complaint had been made that it was not working properly; and second, was the defect finally found of such a character that an ordinarily careful and prudent examination would have revealed it. These issues were not presented to the jury, and the failure to present them requires reversal.

The judgment should be reversed and a new trial directed.

BERGAN, COON, HERLIHY and REYNOLDS, JJ., concur.

Judgment reversed and a new trial directed, with costs to appellant to abide the event.