Sally Langner et al., Respondents, *v.* Jessup Holding Inc., et al., Appellants. Jessup Holding Inc., Third-Party Plaintiff-Appellant, *v.* Maintenance Company, Inc., Third-Party Defendant-Respondent.

First Department, February 16, 1960.

*E. Edan Spencer* of counsel (*Edith L. Fisch* with her on the brief; *E. Edan Spencer,* attorney), for Jessup Holding Inc., appellant.

*Patrick E. Gibbons* and *James O. Denniston* of counsel (*Galli, Terhune, Gibbons & Mulvehill,* attorneys), for Maintenance Company, Inc., appellant and third-party defendant-respondent.

*Samuel Suckow* of counsel (*Philip Horowitz,* c/o *Colin & Millstein,* attorney), for Sally Langner and another, respondents.

MEMORANDUM BY THE COURT. Judgment modified, on the law and on the facts, to the extent of reversing that part thereof which grants judgment in favor of defendant Maintenance Company, Inc., on its cross claim against the defendant Jessup Holding, Inc., and to provide for the dismissal thereof, without costs in favor of one as against the other, and otherwise affirmed, with costs to the plaintiffs against both defendants. The verdict of the jury on the main complaint as against both defendants is amply supported by the evidence. There is sufficient to support a finding that at the time of the accident the elevator was in a defective and dangerous condition and that both defendants knew or should have known that to be so. The long history of shut-downs and the continuous calls for repairs up to the time of the accident together with the repeated recommendations for replacement of defective worn parts supports such a finding. The owner was fully aware from the history of this elevator's performance, that it was not in good working order. Likewise, it was fully aware of the necessity for replacing defective parts and, although it called for an estimate for such work, it failed to order the work done. Included in such proposed replacements was a new controller and selecter. Upon the evidence the jury could very well have come to the conclusion that the accident was caused by the defective selector which the owner failed to replace. The owner, Jessup Holding, Inc., therefore, was guilty of primary or active negligence and its cross claim against Maintenance Co., Inc., was accordingly properly dis-

missed. The defendant, Maintenance Co., Inc., was likewise guilty of such negligence. Under its contract it was obliged to inspect the elevator and to make necessary adjustments and certain repairs. As conceded by its superintendent of elevator service, it was under the duty to " shut down the service " if the elevator was found not to be in good working order — or at least to recommend that service be shut down. That it failed to do. That it undertook that duty is further demonstrated by the various reports which expressly indicate its decision to allow the car to remain in service from time to time after repairs and inspections had been made. Having undertaken to determine when to allow the car to remain in service, it had the corresponding obligation to decide when it should be shut down if it found the elevator to be unsafe. Failing to do that in the circumstances, therefore, supports a finding that it too was guilty of primary or active negligence. The exculpatory clause in the contract between the parties will not serve to sustain its cross claim against the defendant Jessup Holding, Inc. It comes within section 235 of the Real Property Law which makes such an agreement "void as against public policy and wholly unenforceable."

McNALLY, J. (dissenting in part). Plaintiff wife claims to have been injured when an apartment house elevator failed to stop at the basement level but continued half way below the basement and made a sudden stop causing her to fall and receive the injuries for which she and her husband bring this action against the owner and the Maintenance Company.

Plaintiffs have a verdict against both defendants-appellants. Defendant-appellant Maintenance Company, Inc., appeals from the judgment against it.

The court instructed the jury that as against the owner of the building the doctrine of *res ipsa loquitur* applied and that they could find the owner was negligent from the mere fact that the accident did occur. As to defendant-appellant Maintenance Company, Inc., the court charged: " With respect to the elevator Maintenance Company, it may not be held liable to third persons, such as the plaintiff, unless you find from the evidence that it was actively negligent, that is unless you find that the service company performed some act in a negligent manner which created the unsafe condition or negligently omitted to perform some act which it should have performed and which created the unsafe condition."

The service contract entered into by the Maintenance Company and the owner of the building did not give control of the elevator

to the Maintenance Company. (See *Ames* v. *Jalpur Realty Corp.*, 20 Misc 2d 656, dismissing the complaint after trial upon failure of proof of exclusive possession of the elevator in the maintenance company after the complaint so alleging had been sustained *sub nomine Ames* v. *Watson Elevator Co.*, 303 N. Y. 732.)

The recovery against defendant-appellant Jessup Holding Inc. may stand only under the rule of *res ipsa loquitur*. This rule is inapplicable as to defendant-appellant Maintenance Company, Inc., and the absence of evidence of negligence on its part requires the dismissal of the complaint against this appellant. (*Whylie* v. *Craig Hall, Inc.*, 272 App. Div. 603.)

On this record the case was not tried or presented to the jury on the theory that it was the duty of Maintenance Company, Inc., to discontinue use of the elevator because it knew or should have known the elevator was in a defective and dangerous condition. The said duty is an incident of maintenance and control, which, at the time of the occurrence, was exclusively in the owner, Jessup Holding, Inc. Moreover, on this record there was no duty owing to the plaintiffs on the part of Maintenance Company, Inc., to advise the owner to cease operating the elevator.

Accordingly, the judgment should be modified to the extent of dismissing the complaint as against defendant-appellant Maintenance Company, Inc., without prejudice to the commencement of a new action. (Civ. Prac. Act, § 23.)

Breitel, J. P., Rabin, M. M. Frank and Stevens, JJ., concur in memorandum; McNally, J., dissents in part and votes to reverse and order a new trial, in opinion.

Judgment modified, on the law and on the facts, etc. Settle order.