SAVOY, Judge.
Plaintiff, a 64-year-old elevator operator employed by Stone and Webster Engineering Corporation, sued Otis Elevator Company for personal injuries sustained when the elevator in question came to a sudden stop between floors.
Plaintiff’s petition alleged that he sustained a whiplash injury which aggravated a pre-existing arthritic condition in his spine, and that he also sustained a hernia. He alleged defendant’s negligence in improperly maintaining and servicing the elevator. Alternatively, he pleaded the doctrine of res ipsa loquitur.
Defendant answered plaintiff’s petition, generally denying its material allegations, and, in a supplemental answer, alleged concurring acts of negligence on the parts of both plaintiff and his employer, Stone and Webster.
The workmen’s compensation insurance carrier for Stone and Webster intervened for recovery of benefits paid to plaintiff, and defendant, Otis, filed a third-party petition against Stone and Webster. These pleadings need not be further discussed here.
Upon trial on the merits, the lower court gave judgment for plaintiff against Otis Elevator Company, with recognition of the rights of the intervening workmen’s *630 compensation insurance carrier. Defendant, Otis, moved for a new trial, which was denied.
Defendant has appealed devolutively and suspensively.
With respect to this appeal, no specific showing of negligence having been made, the question for decision is the applicability of the doctrine of res ipsa loquitur. Plaintiff contends that it should apply; defendant contends that it should not.
The evidence discloses that plaintiff’s employer, Stone and Webster Engineering Corporation, was in the process of constructing a power plant for Gulf States Utilities Company. Defendant, Otis Elevator Company, installed the elevator in question in the partially completed project. The elevator was automatically operated by pressing buttons, which enabled it to go from floor to floor, and was used exclusively for passenger service.
Pending delivery of the completed project, including the elevator, to the ultimate owner, Gulf States Utilities Company, Stone and Webster and Otis Elevator Company entered into a temporary acceptance agreement with regard to the elevator. This agreement sets forth, inter alia, that on September 18, 1959, Stone and Webster acknowledged delivery of the elevator for its possession and use; that Otis was to service the elevator as follows: “Service will consist of periodic examination of the elevator(s), including oiling and cleaning machine, motor and controller, greasing or oiling bearings and guides, making necessary minor adjustments. Emergency minor adjustment call-back service will also be provided between regular examinations should trouble develop with the equipment and we (Stone and Webster) notify you of such trouble.”; and that, “It is agreed that you (Otis) do not assume possession or management of any part of the equipment, but such remains ours (Stone and Webster’s) exclusively as the owner (or lessee) thereof.”
Plaintiff was injured on or about October 28, 1959.
 Plaintiff contends that, since defendant was responsible for servicing, maintaining and repairing the elevator, it exercised such control over the elevator as would make the res ipsa loquitur doctrine applicable. Defendant, on the other hand, contends to the contrary.
The jurisprudence of Louisiana is well settled with regard to the general rules regarding applicability of the doctrine, one of which is that the agency or instrumentality which causes the injury or damage must have been within defendant’s controL Langlinais v. Geophysical Service, Inc., 237 La. 585, 111 So.2d 781, and cases therein cited.
The applicability of the doctrine to elevator cases seems to have been res nova in Louisiana until the decision in Johnson v. Johness, (La.App., 4 Cir., 1962), 145 So.2d 588, wherein the doctrine was held applicable to a situation in which a household employee fell into the elevator shaft when the elevator had failed to position itself at the indicated floor. However, the Johnson case is distinguishable from the instant case in that the parties defendant were the owner and lessee of the building. No elevator-company was involved, nor was there any factual issue with regard to possession and' control of the elevator.
We must, then, turn to other jurisdictions, for cases more closely in point. The case of Koch v. Otis Elevator Company, 10 A.D. 2d 464, 200 N.Y.S.2d 700, sheds considerable light on the question. In the Koch-case, supra, a school building superintendent injured himself in climbing out of an-elevator which had stopped between floors. There was a contract between the school and the elevator company under which the-elevator company had agreed to service-the elevator; to maintain it in safe operating condition; and to regularly examine, adjust, lubricate and replace or repair parts. The court, in pronouncing that no specific- *631 acts or omissions amounting to negligence had been established, said:
“Plaintiff has had a recovery in the ■City Court against the defendant elevator company on the theory of negligence; the judgment has been affirmed at Appellate Term; but in our view of the record a case of negligence has not been made out and defendant is entitled to judgment.
“No such ownership or exclusive control of the elevator or its operating mechanism has been attributed to the defendant, as would permit application of the doctrine of res ipsa loquitur. Thus cases such as Beinhocker v. Barnes Development Corp. and Staley Elevator Co., 296 N.Y. 925, 73 N.E.2d 41, where a part of the equipment controlling the elevator, the failure of which caused the accident, was the property of the maintenance company which by contract retained control of such equipment; or Ames v. Watson Elevator Co., 303 N.Y. 732, 103 N.E.2d 345 where the safety device which failed remained under control of the elevator company, are not decisive in the situation in the case before us. The Court of Appeals decided Ames on a pleading alleging exclusive control of the equipment in the elevator service •company; but on the actual trial a factual situation arose very similar to the one presented here; and the complaint against the elevator service company was dismissed at the end of the proof. Ames v. Jalpur Realty Corp., 20 Misc.2d 656, 138 N.Y.S.2d 698.
'“Nor was plaintiff using the elevator relying on specific and affirmative assurance by defendant after making adjustments or repairs that it would op-erate without stopping, so as to bring the case within Kelly v. Watson Elevator Company, 309 N.Y. 49, 127 N.E.2d 802 or Wroblewski v. Otis Elevator Co., 9 A.D.2d 294, 193 N.Y.S.2d 855.”
In the instant case, the evidence establishes that the elevator suddenly stopped because a safety governor had been tripped. It is true the evidence tends to indicate that through some defect this governor mechanism had stopped without cause on several occasions after the present incident, which would tend to indicate that there was some defect in the machinery. However, on the other hand, the evidence also indicates that the governor mechanism was situated in an unlocked elevator control room atop the elevator shaft to which the employees on the construction contract had free access (despite the sign prohibiting the presence of unauthorized personnel in the room). On one occasion, for instance, a paper cup, left by one of these unauthorized entries into the control room, had activated the mechanism.
Under the contract between the plaintiff’s employer and the present defendant, after installing and delivering the elevator, the defendant had no further control over the possession or management of the elevator control room.
While the evidence of the inspecting mechanic definitely proves that the present sudden stop was not caused by any debris left by an unauthorized entry into the unlocked elevator control room, nevertheless, the testimony of this mechanic and the other witnesses indicates that the handle of the governor was accessible and could have been ■tripped, purposely or accidentally, by any of the co-employees who happened to enter this control room. Since such factor outside the control of the defendant could also have caused the present accident, the doctrine of res ipsa loquitur does not apply, Larkin v. State Farm Mutual Auto Insurance Company, 233 La. 544, 97 So.2d 389.
In the absence of an inference arising by reason of this doctrine, the preponderance of the evidence does not prove that any negligence or fault on the part of the defendant contributed to the present accident.
Accordingly, the judgment of the district court is reversed, and judgment is rendered *632 in favor of defendant, Otis Elevator Company, and against plaintiff, Offord Miller, and against intervenor, Royal Indemnity Company, rejecting their demands. Costs of this appeal and costs in the lower court are assessed to plaintiff.
Reversed and rendered.