■ ANNE B. HANSEN, as Administratrix of the Estate of HERMAN HANSEN, Deceased, Respondent, v. SERGE ELEVATOR Co., INC., et al., Appellants.— Judgment unanimously reversed, on the law and on the facts, with $50 costs to appellants and the complaint dismissed. The decedent Herman Hansen was employed as superintendent of premises 80 West 40th Street, New York City and on December 13, 1957, when he was making repairs to a manually operated elevator at the bottom of the elevator shaft in the motor room, he was struck and killed by the descending elevator counterweight of an automatic elevator operated in the adjoining shaft. The defendant Serge Elevator Co., Inc., had converted the automatic elevator from a manual operated elevator in 1950 and has been held negligent on the theory that, when it converted the manual elevator to an automatic, it did not install a screen or shield around the enclosure for the counterweight runway pursuant to the Administrative Code. Serge Elevator Co., Inc., serviced the elevator until July 31, 1955 but has had nothing to do with the premises since that date. There was conflicting evidence as to the persence of an elevator screen subsequent to July 31, 1955. Plaintiff's decedent, when he engaged in repair work on the manual elevator in close proximity to the automatic elevator shaft and the counterweight rails without shutting off the automatic elevator or warning others of his activity, was guilty of contributory negligence as a matter of law. (*Lynch* v. *Elektron Mfg. Co.*, 195 N. Y. 171.) The determination of liability on the part of the defendant Serge Elevator Co., Inc., was error because this defendant had no obligation to the plaintiff's decedent since, if the counterweight shield was absent, it was absent for a period of seven years or at least a minimum of two years. The absence of the shield for such a period of time cannot be classified as a latent defect necessary to hold defendant Serge Elevator Co., Inc., as responsible for an accident occurring after its work had been completed and accepted. Liability is imposed "*only if* the defect or damage be not 'known' or 'patent' or discoverable 'by a reasonable inspection'." (*Inman* v. *Binghamton Housing Auth.*, 3 N Y 2d 137, 145.) In addition the plaintiff has failed to establish a cause of action for negligence against the defendant Herk Elevator Maintenance, Inc., which defendant had a contract to inspect, maintain and repair certain parts of the automatic elevator. There is no evidence that defendant Herk Elevator Maintenance, Inc., was in possession and control of the elevator at the time of the accident. (*Langner* v. *Jessup Holding*, 9 N Y 2d 871, 873, modfg. 10 A D 2d 1; *Ames* v. *Jalpur Realty Corp.*, 20 Misc 2d 656, dismissing the complaint after trial upon failure of proof of exclusive possession of the elevator in the maintenance company after the complaint so alleging had been sustained *sub nom. Ames* v. *Watson Elevator Co.*, 303 N. Y. 732.) Further, there is no proof its employees removed the shield, nor is there any evidence to support the proposition that the plaintiff's decedent slipped or fell under the counterweight by reason of the existence of oil on the floor which was there through the negligence of Herk Elevator Maintenance, Inc.'s employees. Any inference from the facts that the employees of defendant Herk Elevator Maintenance, Inc., were negligent in creating a dangerous condition or a slippery, oily floor is too conjectural, speculative and remote to hold Herk Elevator Maintenance, Inc., liable for negligence. Concur — McNally, J. P., Stevens, Eager, Steuer and Staley, JJ.