JAMES SERRANO, Respondent, v. CORCORAN PLATE GLASS CO., INC., Defendant, and THYPIN STEEL COMPANY, INC., Appellant.

First Department, November 14, 1972.

*William F. McNulty* of counsel (*Anthony J. McNulty* with him on the brief; *Bien, Campbell & Cunnion*, attorneys), for appellant.

*David Jaroslewicz* of counsel (*Helen B. Stoller* with him on the brief; *Charles C. Levine*, attorney), for respondent.

McGIVERN, J. P.  Plaintiff, foreman of L. E. C. Metal Products, was injured while helping to unload two heavy crates of metal tubing consigned to his employer by the defendant, Thypin Steel Company, Inc.  The truck-trailer from which plaintiff fell was owned by the latter, and the claim, as developed at the trial, was that he tripped on loose and untied angle irons on the floor of defendant's truck, which the plaintiff was helping to unload, under the directions of the defendant's agent, it being the defendant's practice not to unload, leaving that task to the customer.

The basis of the plaintiff's claim was that the defendant had negligently failed to provide him, a customer's employee, with a safe place to work, and this was so charged to the jury.  There was testimony that hitherto, the obtaining practice was that " the angle irons were tied together ".  This time they were not. They were scattered about over an area, over which plaintiff had to tread to remove the cargo, which he was directed to remove from the confined space in the truck, and the plaintiff tripped on the irons and fell to the ground; his finger caught on a nail protruding from a crate resting on the ground; the result was severe mutilation and amputation of the finger.  The jury found in his favor, unanimously, in the amount of $30,000; Supreme Court, Bronx County (GETZOFF, J.); judgment entered November 30, 1971.

Although the complaint alleged that he slipped, on the trial, and at the examination before trial in 1966, the plaintiff testified that he tripped.  The Trial Judge, there being no objection, permitted the pleadings to conform with the proof.  Properly so, there having been no objection to the proof.  (*Dittmar Explosives* v. *A. E. Ottaviano, Inc.*, 20 N Y 2d 498, 502.)  In respect of negligence, the Trial Judge charged that " it was the duty of the defendant to provide a safe place for the plaintiff to do what he was required to do ".  No exception.  And he also charged, patently in the defendant's favor: " Now, the defendant had no duty to warn the plaintiff against any condition relating to the merchandise on its trucks of which the plaintiff was aware, and the defendant had no duty to secure the plaintiff's safety against any condition that was readily observable by the plaintiff, having in view his age, intelligence, and

experience." To this latter charge, the defendant, not unnaturally, did not object. But the plaintiff did object. (Cf. *Brown v. Du Frey*, 1 N Y 2d 190; *Kluttz* v. *Citron*, 2 N Y 2d 379, 384.) Notwithstanding, the plaintiff recovered.

The amount awarded by the jury, not having been challenged as excessive, we perceive no grounds for reversing the jury's verdict. The question of the plaintiff's contributory negligence was properly for the jury. (*Rossman* v. *La Grega*, 28 N Y 2d 300.) And since we cannot reasonably say, on this record, that the jury's verdict is against the weight of the evidence, or that the fact of negligence and proximate cause, as found by the jury, is, as a matter of law, without support in the evidence, we affirm. (*Kelly* v. *Watson Elevator Co.*, 309 N. Y. 49. See, also, *Sophian* v. *Von Linde*, 22 A D 2d 34, 37.) Particularly is this sound, since we are exhorted, as an appellate court, not to substitute our evaluation of conflicting evidence for that of a jury, "if the verdict is one which reasonable men could have rendered after reviewing conflicting evidence" (*Triggs* v. *Advance Trucking Corp.*, 23 A D 2d 777, 778).

Nor do we regard the holding in *Holloway* v. *Wehmiller Mach. Co.* (36 A D 2d 621 [2d Dept.]) as at odds with this disposition. In that case, an employee of Piel's apparently walked into a metal bar protruding from a large machine in plain sight, on the Piel's premises, the machine having been under construction by Piel's employees over a period of time. In fact, the construction work had been in progress for about 11 days before the accident; the machine itself covered an area of 12 feet by 50 feet, and was 10 feet in height. It was as plain as the Colossus of Rhodes. Under such circumstances, the machine was not deemed to have presented a negligent condition. But here, the offending causes were loose angle irons, clanging and unsecured on the floor of the defendant's truck, to which place of work the defendant had invited the plaintiff, a customer's employee, to perform his tasks, and directed him in so doing. The jury has found such conduct not reasonably prudent under the circumstances. We find no basis for disagreement. And we affirm with costs.

McNALLY, J. (dissenting). I vote to reverse and dismiss the complaint on the ground that the plaintiff failed to establish any actionable negligence on the part of the defendant Thypin Steel Company, Inc.

On the date the accident occurred, the defendant, Corcoran Plate Glass Co., Inc. ("Corcoran"), was the owner and occupier of the first floor of a factory building located at Nos. 109–

111 3rd Street, in the City of Mt. Vernon. The plaintiff's employer, L. E. C. Metal Products, occupied the basement of the building as a tenant of Corcoran. There was a single driveway leading into the building which was jointly used by Corcoran and L. E. C. Metal Products.

The plaintiff claims that, while he was assisting the driver of a tractor-trailer owned by the defendant, Thypin Steel Company, Inc. ("Thypin"), to unload two heavy crates of metal tubing consigned to L. E. C. Metal Works, from his "flatbed" or open-sided trailer on the morning of October 19, 1965, he tripped over some angle irons (consigned to another customer of Thypin), which he knew were lying on the floor on the right side of the trailer, and fell from the trailer. As he was falling from the trailer, the ring on the fourth finger of his left hand got caught on a nail projecting out about an inch from a large packing case which Corcoran had allowed to obstruct the driveway for several days, causing the distal portion of the finger to be virtually amputated from the rest of the finger.

Although there is no such claim in the plaintiff's complaint or bill of particulars, at the trial the plaintiff charged Thypin with negligence in allowing the angle irons, over which the plaintiff claims he "tripped", to lie loose on the floor of the trailer. Corcoran was charged with negligence in allowing the packing case, with the nail projecting therefrom, to be in the driveway.

The record shows no movement of the angle irons prior to the occurrence. The plaintiff's testimony is that he tripped over the angle irons and there is no evidence that the tripping was caused by any movement of the angle irons. The truck at the time of the accident was in a stationary position. In short, there is no causal relation between the occurrence and the fact that the angle irons were not tied. Further, one can trip over a bundle of angle irons, just as easily as one can trip over loose angle irons.

At the close of the plaintiff's case the court dismissed the complaint against Corcoran on the ground that the negligence of said defendant was not a proximate cause of the accident resulting in the plaintiff's injury and also dismissed the cross complaint of Thypin against Corcoran.

The case was thereafter submitted to the jury solely against Thypin and the jury rendered a verdict in the sum of $30,000 in favor of the plaintiff and against said defendant, despite the charge of the court that Thypin had "no duty to warn the plaintiff against any condition relating to the merchandise on its truck of which the plaintiff was aware, and the defendant had

no duty to secure the plaintiff's safety against any condition that was readily observable by the plaintiff, having in view his age, intelligence, and experience ''.

*Holloway* v. *Wehmiller Mach. Co.* (36 A D 2d 621) is in point. In *Holloway*, the plaintiff, an employee of Piel Bros., hit his head on a metal bar or angle iron protruding from a large machine which was being constructed in the factory of Piel by employees of Piel, under the direction of an employee of the defendant Wehmiller, pursuant to a contract for the sale of the machine between Piel and Wehmiller. In unanimously reversing an interlocutory judgment of liability entered in favor of the plaintiff and against Wehmiller and dismissing the complaint of the plaintiff against said defendant, the court said (p. 622): '' In our opinion the record is utterly devoid of proof of negligence, active or passive, on the part of Wehmiller. There is no proof that the protrusion on the machine in construction was unusual or improper or that it constituted a hidden trap or danger which might place defendant under a duty to warn. The machine was open and obvious, there were many pipes protruding from it at all sides, and its appearance changed daily during the construction period. The most the record establishes is that plaintiff walked straight into a machine in plain sight.''

In the case at bar, the record is equally devoid of any proof of negligence on the part of the appellant in loading its trailer. There is no requirement that angle irons 20 or 30 feet in length laid lengthwise on the floor of a vehicle be tied together in a bundle. The circumstance that the angle irons involved in the case at bar may have been lying loose on the floor of the trailer, as claimed by the plaintiff, is a matter of no legal consequence insofar as actionable negligence is concerned since one can trip over a bundle of angle irons just as easily as one can trip over loose angle irons. In the case at bar, there is no basis for any claim that the angle irons constituted a hidden trap or danger.

A condition open and obvious as the one here involved, in my opinion, cannot give rise to a cause of action for negligence.

MARKEWICH and NUNEZ, JJ., concur with McGIVERN, J. P.; McNALLY, J., dissents in an opinion in which MURPHY, J., concurs.

Judgment, Supreme Court, Bronx County, entered on November 30, 1971, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal.