■ STEVEN MELTZER, Respondent, v. JUDITH MELTZER, Appellant.— Judgment, Supreme Court, New York County, entered on May 12, 1972, unanimously affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered on July 25, 1972, denying defendant-appellant's motion for payment of fees and expenses in order to prosecute this appeal, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, the motion granted, and defendant awarded a counsel fee in the sum of $2,500. The order of this court entered on December 19, 1972, is vacated. The counsel fee awarded is based upon the limited scope of the appeal presented to this court. The record does not support Special Term's conclusion that the trial court " considered the possibility of an appeal" when it made an award of counsel fees following the trial. Concur — Stevens, P. J., Markewich, Kupferman and Capozzoli, JJ. [40 A D 2d 971.]

### (January 23, 1973)

■ JULIO DOMENECH, as Administrator of the Estate of IVETTE DOMENECH, Deceased, et al., Appellants, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. — Judgment, Supreme Court, New York County, entered June 20, 1972, insofar as the appeal therefrom is limited by appellants' brief, setting aside the verdict in favor of the infant plaintiffs and on the derivative action by their father, Julio Domenech, and dismissing the complaint, unanimously reversed, on the law and the facts, and the verdict in respect of the causes of action on behalf of the infant Nilsa Domenech, the estate of the infant Ivette Domenech, and the derivative cause of action by their father, Julio Domenech, reinstated. In other respects the judgment is affirmed. Appellants shall recover of respondents $60 costs and disbursements of this appeal. In view of the facts and circumstances of the accident: the darkness and the rain, the acceptability of the fact that the infant plaintiffs and their mother were three quarters across the street, with the traffic light green in their favor, the swinging wide of the bus, in order to avoid an obstruction, and with no negligence attributable to the infant plaintiffs, one of whom was killed — on this evidence, we are unable to say the verdict in their favor was either against the weight of the credible evidence or that the verdict was one which reasonable men could not have rendered after reviewing conflicting evidence. (*Triggs* v. *Advance Trucking Corp.,* 23 A D 2d 777; *Sophian* v. *Von Linde,* 22 A D 2d 34, 37, affd. 16 N Y 2d 785; see, also, *Loeb* v. *United Traction Co.,* 24 A D 2d 917.) And there being no errors of substance, we believe it unwarranted that the jury's conclusion be set aside merely because the verdict may not be consonant with the Trial Judge's evaluation of the evidence or the mental processes of the jury. (*Kelly* v. *Watson Elevator Co.,* 309 N. Y. 49.) Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.