■ MARGARET BROWN, Appellant, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered on April 4, 1977, setting aside a jury verdict for the plaintiff in the sum of $482,000 and dismissing the complaint, unanimously reversed, on the law and the facts, without costs or disbursements, the verdict reinstated as to liability and the case remanded for a new trial on damages unless the plaintiff, within 20 days after service upon her of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to accept as damages in her favor the sum of $50,000, and to the entry of a judgment in accordance therewith. If plaintiff so stipulates, the judgment to be entered on that stipulation is hereby affirmed, without costs or disbursements. Granting the plaintiff the most favorable view of the evidence as we must (Parvi v City of Kingston, 41 NY2d 553) we find that she has made out a prima facie case on the issue of liability and that in setting aside the verdict and dismissing the complaint the trial court impermissibly discredited her expert witness whose testimony must have been found credible by the jury (see Loewinthan v Le Vine, 299 NY 372; Kelly v Watson Elevator Co., 309 NY 49). The finding is implicit in the verdict that the defendant's doctors at Bellevue Hospital were guilty of malpractice in that they erroneously diagnosed the plaintiff as having an extrahepatic obstruction, a gallstone, and subjected her to two operations that were unnecessary because she was instead suffering from an intrahepatic obstruction, hepatitis induced by a drug named Thorazine. The jury could reach this conclusion from the plaintiff's testimony and that of her expert witness: that she had been taking orange pills from a bottle labeled "Thorazine M-65" obtained by prescription from a doctor at Bellevue and

from the hospital pharmacy; that she had the symptoms of jaundice on admission; that Thorazine-induced jaundice is caused by intrahepatic obstruction and is "usually promptly reversible on withdrawal of the medication"; that the authoritative Physicians Desk Reference advises doctors "to withhold exploratory laparotomy until extra-hepatic obstruction is confirmed"; that no emergency dictated an exploratory laparotomy within five days of the plaintiff's admission; that whether the doctors knew or should have known that the plaintiff had been taking Thorazine the preoperative biopsy report did not rule out an intrahepatic obstruction. The plaintiff on argument of the appeal conceded the excessiveness of the verdict and we find it excessive to the extent indicated. Concur—Evans, J. P., Markewich, Lynch, Sandler and Sullivan, JJ.